CONWELL v. OVERMEYER.

[No. 17,803.    Filed June 19, 1896.]

From the Cass Circuit Court.    *Affirmed.*

*Magee & Funk*, for appellant.

*C. C. Bishop, G. W. Walters, W. A. Ketcham,* Attorney-General, *E. F. Ritter, F. E. Matson, C. E. Wiltsie,* and *Duncan, Smith & Hornbrook*, for appellees.

MONKS, J.—Appellant filed his petition at the September term, 1895, of the board of commissioners of Cass county for a license to sell intoxicating liquors in a less quantity than a quart at a time, etc., in the town of Galveston, Jackson township, in said county.

A remonstrance in writing signed by a majority of the legal voters of said township against granting said license to appellant was filed

on Thursday, August 29, 1895, with the auditor of said county, under the provisions of section 9 of an act of the General Assembly, approved March 11, 1895 (Acts 1895, p. 248), commonly known as the Nicholson law. If said remonstrance had been filed on Friday, August 30, 1895, it would have been in time. *Flynn* v. *Taylor, ante,* 533.

During the September term of said board of commissioners, and before final action on appellant's application a number of the legal voters of said township who had signed said remonstrance, filed a petition with the board asking that their names be stricken from the remonstrance, and that they be allowed to withdraw their objections to a granting of a license to appellants.

It is admitted that said remonstrance is not signed by a majority of the voters of said township unless the signatures of those remonstrants who filed the petition to withdraw their names are counted.

Counsel for appellant contend that the said remonstrants had the right to withdraw from said remonstrance and dismiss the same as to themselves at any time before the action of the board.

This question was decided adversely to the contention of appellant's counsel in *State* v. *Gerhardt, ante,* 439.

The judgment is affirmed.