White *et al. v.* Prifogle *et al.*

WHITE ET AL. *v.* PRIFOGLE ET AL.

[No. 17,817.    Filed June 19, 1896.    Rehearing denied Oct. 13, 1896.]

LIQUOR LICENSE.—*Remonstrance.—Right of Remonstrators to With-draw Their Names.*—Under section 9, Acts 1895 (Acts 1895, p. 248), providing for the filing of a remonstrance against the granting of a liquor license, remonstrators have no right to withdraw their names from the remonstrance after the beginning of the three days' period when the remonstrance is required to be on file, which begins on Friday next preceding the Monday on which a regular session of the board of commissioners begins.

From the Union Circuit Court. *Reversed.*

*W. A. Ketcham,* Attorney-General, *T. D. Evans, J. W. Connoway, E. F. Ritter, Duncan, Smith & Horn-brook,* and *F. E. Matson,* for appellants.

*G. W. Pigman, R. E. Barnhart, Reuben Conner, L. H. Stanford, Lamb & Beasley, S. R. Hamill, Baker & Daniels, Stuart Bros. & Hammond, Zollars & Worden* and *Elliott & Elliott,* for appellees.

JORDAN, J.—The point presented by this appeal for our decision, is the action of the lower court in sustaining the right of certain remonstrators who had joined in a remonstrance under section 9 of the act of 1895 (Acts 1895, p. 248), against granting a license to appellee Prifogle to sell intoxicating liquors, to withdraw their names from the remonstrance, after the beginning of the three days' period, fixed by the statute, and thereby reduce the number of remonstrators below that required by law. This question, in the case of the *State* v. *Gerhardt,* 145 Ind. 439, was decided in favor of the contention of appellants herein, and is decisive of the one here presented.

For error of the trial court, in its holding upon this

question, the judgment is reversed and the cause remanded.

## ON PETITION FOR REHEARING.

JORDAN, J.—Appellee asks for a rehearing in this cause, and insists that we were wrong in holding that the trial court erred in sustaining the action of the remonstrators in withdrawing their names from the remonstrance.

Appellee made his application for a license to sell intoxicating liquors at the September term, 1895, of the board of commissioners of the county of Union. His counsel concede in their brief that it fully appears from the record that these remonstrators did not attempt to exercise their right to withdraw therefrom until Friday, August 30, 1895. This was too late for the remonstrators, under the law, to withdraw their names from the remonstrance which was then on file in the County Auditor's office. The Friday immediately preceding the Monday on which a regular session of the board of commissioners begins, is the last day upon which a remonstrance under section 9 of the act of 1895 (Acts of 1895, p. 248), can be filed against an application made at that session for a license to retail intoxicating liquors. _Flynn_ v. _Taylor_, 145 Ind. 533. It follows therefore that the preceding Friday is the first day of the three days' period, and we held in _State_ v. _Gerhardt_, 145 Ind. 439, that if the right to withdraw from a remonstrance was not exercised prior to the beginning of the first day of this period, that it no longer existed. It is further shown by the bill of exceptions that after these voters had been by the court permitted to withdraw from the remonstrance, that thereby the number remaining thereon was reduced below the required majority, and for this

VOL. 146—5

City of Shelbyville *v.* The Cleveland, etc., Railway Company.

reason the court, on motion of the appellee, over the objections and exceptions of appellants, struck out and dismissed the remonstrance, and by its judgment granted a license to appellee.

It is also substantially stated in the bill that the right of these persons to withdraw was the "only question submitted to the court at said time for its determination," and that the court "adjudged that said parties had the right and power to withdraw from said remonstrance, to which action of the court the defendants excepted." While the record is somewhat in confusion, and does not present all the questions as it should, and by no means can it be accepted as a model, however, notwithstanding the objections of counsel for appellee, we think it may be held that it at least presents for our consideration the action of the trial court in adjudging that the remonstrators in question had the right to withdraw on the day stated.

Petition overruled.