SUTHERLAND ET AL. *v.* McKINNEY.

[No. 17,996.   Filed January 26, 1897.]

INTOXICATING LIQUORS.—*License.—Remontrance.—When Remonstrator May Not Withdraw His Name.*—Under section 9, Act of March 11, 1895, providing that, if three days before the regular session of the board of county commissioners a majority of the legal voters shall sign and file a remonstrance, the license shall not be granted, a withdrawal of one's name cannot be made after the beginning of the third day before such meeting, and a motion signed by a number of remonstrators and filed with the board of commissioners after such time, stating that they had signed the remonstrance under "mistake and misapprehension" should be overruled.

From the Washington Circuit Court. *Reversed.*

*Harvey Morris,* for appellants.

*Mitchell & Mitchell* and *Zaring & Hottel,* for appellee.

MONKS, J.—Appellants filed with the auditor of Washington county a remonstrance in writing, under section nine of an act approved March 11, 1895 (Acts 1895, p. 248), commonly known as the "Nicholson Law," against the granting of a license to appellee for the sale of intoxicating liquors under the laws of this State. The remonstrance was filed before the session of the board of commissioners and within the time fixed by said law, and was signed by a majority of the legal voters of Washington township, in which appellee desired to carry on said business.

On the fifth day of the regular session of the board of commissioners appellee filed a written motion, signed by fifty-two of the persons who had signed said remonstrance, that said board of commissioners dismiss said remonstrance as to them and that their names be stricken therefrom, stating as the reason

therefor that they each had signed said remonstrance "under mistake and misapprehension."

This motion was overruled by the board and the application of appellee for said license was denied under said section nine. Appellee appealed said cause to the circuit court, where said motion as to said fifty-two persons was renewed and was sustained by the court, and said remonstrance was dismissed as to them. Not counting the signatures of these fifty-two persons, the remonstrance was not signed by a majority of the legal voters of said township. The trial of said cause resulted in a finding in favor of appellee and a judgment that he be granted a license, etc.

The action of the court in sustaining said motion to dismiss as to said fifty-two persons is called in question by the assignment of errors. It appears, from the record, that the trial court sustained said motion upon the ground that a remonstrant has the right to withdraw his name at any time before the cause is submitted to the board of commissioners for trial. This court has held that a remonstrant has no right to withdraw his name after the expiration of the time for filing a remonstrance. *State* v. *Gerhardt*, 145 Ind. 439; *Conwell* v. *Overmeyer*, 145 Ind. 698; *White* v. *Prifogle, ante*, 64.

Appellee insists that as the motion states that the remonstrance was signed by said persons under mistake and misapprehension, they had the right to withdraw their names from the remonstrance. Whether there is any exception to the rule declared by the court in the cases cited, we need not determine in this case for the reason that the motion did not state any facts showing that the persons named signed said remonstrance "under mistake and misapprehension."

It follows that the court erred in sustaining said motion to dismiss the remonstrance.

The remonstrance being signed by a majority of the legal voters of said township and filed within the time limited by law, the court below had no jurisdiction or power to grant said license to appellee. *Flynn* v. *Taylor*, 145 Ind. 533.

It is due to the learned judge of the court below to say that this cause was tried and determined by him before the case of *State* v. *Gerhardt, supra,* and other cases under the "Nicholson Law" had been decided by this court.

Judgment reversed, with instructions to overrule said motion to dismiss the remonstrance as to said fifty-two persons, and for further proceedings not inconsistent with this opinion.