Ludwig *v.* Cory.

## LUDWIG *v.* CORY ET AL.

[No. 19,615.    Filed May 23, 1902.]

INTOXICATING LIQUORS. — *Application for License.* — *Remonstrance.* — *Power of Attorney.*—The right given to the legal voters of a township by §7283i Burns 1901, to remonstrate against the granting of a license to sell liquor within the township, may be exercised through a duly appointed agent or attorney. *pp. 587–594.*

SAME.—*Remonstrance by One Having General Power of Attorney.*—A power of attorney, signed by a majority of the legal voters of a township, directing the attorney, without giving him any discretion in the matter, to file a written remonstrance in the names of such voters against every applicant for license to sell liquors in the township, is sufficient to sustain a remonstrance filed by the attorney in a particular case. *pp. 591–594.*

SAME.—*Remonstrance.*—*Power of Attorney.*—A power of attorney to remonstrate against the granting of a license to "any applicant" is not invalid as conferring a discretion on the attorney as to what applicants to remonstrate against. *pp. 594, 595.*

From Hancock Circuit Court; *E. W. Felt,* Judge.

From a judgment affirming an order of the board of county commissioners refusing the application of John M. Ludwig for a license to sell intoxicating liquors, the applicant appeals.    Transferred to Supreme Court, under §1337u Burns 1901.    *Affirmed.*

*J. E. McCullough,* for appellant.

*C. W. Smith, J. S. Duncan, H. H. Hornbrook* and *A. Smith,* for appellees.

JORDAN, C. J.—Appellant, John M. Ludwig, applied to the board of commissioners of Marion county, under §7278 Burns 1901, §5314 Horner 1901, for a license to sell intoxicating liquors at the village of Oaklandon, in Lawrence township, Marion county, Indiana.    Written remonstrances, based on §7283i Burns 1901, purporting to have been signed by a majority of the legal voters of Lawrence township, were filed with the auditor of said county.    By virtue of these remonstrances

the board denied appellant's application, and adjudged that he pay the costs of the proceeding. From this decision of the board he appealed to the Marion Superior Court, from which the venue was changed to the Hancock Circuit Court. In the latter court appellant unsuccessfully moved to strike out and reject the remonstrances. A trial by the court resulted in a finding in favor of the remonstrators, and, over appellant's motion for a new trial, the court adjudged that he take nothing by the proceeding, and that the remonstrators recover of him their costs laid out and expended. To reverse this judgment this appeal is prosecuted, and the errors assigned are based on the rulings of the lower court in denying the motion to strike out the remonstrances, and in permitting appellees, remonstrators below, to introduce and read in evidence certain written instruments denominated "Power of Attorneys", and in overruling the motion for a new trial.

The record discloses the following facts: Appellant gave the notice required by §7278 Burns 1901, §5314 Horner 1901, of his intention to apply for a license to sell intoxicating liquors, at the regular session of the board of commissioners of Marion county, beginning on the first Monday in May, 1900. On May 3, 1900, three days before the commencement of said session, two written remonstrances were filed with the auditor of said county. These remonstrances, which for convenience may be denominated number 1 and number 2, are as follows: "We, the undersigned residents and voters of Lawrence township, Marion county, Indiana, do hereby remonstrate against the granting of a license to John M. Ludwig to sell intoxicating, spirituous, vinous, or malt liquors in less quantities than five gallons at a time, with the privilege of allowing the same to be drank on the premises, in said township, as described in his application, in the town of Oaklandon." "We, the undersigned residents and legal voters of Lawrence township, Marion county, State of Indiana, do hereby remonstrate against the

granting of license by the county commissioners to John M. Ludwig, to sell intoxicating, spirituous, vinous, or malt liquors in less quantities than five gallons at a time, with the privilege of allowing the same to be drunk on the premises, in said township, described in his application, in the town of Oaklandon, in the county of Marion, State of Indiana."

The first contained the names of 196 legal voters of said Lawrence township, and the second contained the names of 137 of the legal voters of said township. The names to both remonstrances constituted a total of 333, which, as hereinafter shown, were a majority of all the legal voters of said township. The names of the remonstrators to the remonstrance number 1 were all signed thereto by Perry C. Apple, pursuant to the authority or power invested in him by a written instrument or document denominated a "Power of Attorney" duly signed, executed, and acknowledged by all of the remonstrators whose names said Apple thereafter subscribed to said remonstrance. This instrument, by which Apple was constituted as the attorney or agent of the remonstrators whose names were subscribed to remonstrance number 1, omitting the signatures and certificate of acknowledgment, is as follows: "Know all men by these presents, that we, the undersigned legal voters of Lawrence township, Marion county, Indiana, have constituted and appointed, and do hereby constitute and appoint, Perry C. Apple, of Lawrence township, Indiana, our true and lawful attorney for us, and in our names, place, and stead, to sign any and all necessary papers and remonstrances against the granting by the board of commissioners of Marion county, Indiana, to any applicant therefor, a license to sell spirituous, vinous, malt, or other intoxicating liquors under the laws of the State of Indiana, with the privilege of allowing the same to be drunk on the premises, at any and all places or locations within said Lawrence township. Witness our hands this 10th day of February, 1900."

The names of the voters subscribed to remonstrance number 2 were all signed thereto by M. M. Hindman, pursuant to the authority and power invested in him by the remonstrators under the provisions of three instruments or documents duly executed and acknowledged by the voters, whose names he thereafter subscribed to said remonstrance number 2. Each of these instruments or documents, omitting the signatures and certificate of acknowledgment, is as follows: "Know all men by these presents, that we, the undersigned legal voters of Lawrence township, Marion county, Indiana, have constituted and appointed, and do hereby constitute, M. M. Hindman, of Lawrence township, Marion county, Indiana, our true and lawful attorney for us, and in our names, place, and stead to sign any and all necessary papers and remonstrances against the granting by the board of county commissioners of Marion county, Indiana, to any applicant therefor, a license to sell spirituous, vinous, malt, or other intoxicating liquors under the laws of the State of Indiana, with the privilege of allowing the same to be drunk on the premises, at any and all places or locations within said Lawrence township. Witness our hands this 15th day of March, 1900."

Appellant, in his verified motion filed in the circuit court to reject or strike out the remonstrances in question, alleged that Apple and Hindman had no authority to sign the names of the remonstrators to the remonstrances filed in the office of the auditor of Marion county, and that these documents were not signed and filed pursuant to any authority. Before appellant filed his motion to strike out and reject the remonstrances, it was agreed by the parties in open court "that M. M. Hindman signed the names of all the parties to said remonstrance purporting to be signed by John Smith and others (being remonstrance number 2), and that before said Hindman so signed said names each of the three powers of attorney had been executed; that the persons whose names were signed to said remonstrance by said Hindman

are the same persons whose names are signed to said powers of attorney executed to said Hindman." It was further agreed "that all the names of the signers to said remonstrance purporting to be signed by Thad. A. Cory and others (being remonstrance number 1) were signed thereto by Perry C. Apple, and that said persons who appeared to such remonstrance had executed the said power of attorney herein above mentioned as being executed to him prior to the time he so signed said remonstrance; that each of said powers of attorney were unrevoked at the time said Hindman and Apple, respectively, signed said names to said remonstrances; that neither Hindman nor Apple had any authority whatever to sign said names or file said remonstrances in the auditor's office, except the authority conferred by said powers of attorney; that the persons whose names were signed to said remonstrances were all legal voters of Lawrence township; that the total number of votes cast in said township at the general election of 1898 for Secretary of State was 605; and that the total number of legal voters whose names appeared to said remonstrances is more than 330." Thereupon the motion of appellant to strike out and reject said remonstrances was submitted to the court upon the verified motion under the above agreement, and the court overruled the same, to which ruling appellant excepted. On the trial of said cause appellant read in evidence his application for a license, proof of publication of his notice, and also the notice, and introduced certain witnesses who testified that he was of the age of thirty-eight years, a legal voter of Lawrence township, in Marion county, and had been such legal voter since the 1st day of January, 1900; that he was a man of good moral character, not in the habit of becoming intoxicated, and fit to be entrusted with a license for the sale of intoxicating liquors; and thereupon the same facts, as previously stated, and agreed to by the parties in open court, were introduced and read in evidence. Thereupon appellees offered to read in

evidence the said powers of attorney previously mentioned, to which appellant objected for the following reasons: (1) That they were not sufficient to confer any authority upon the said M. M. Hindman to sign the names of the parties executing the same, or any of them, to the remonstrance against appellant upon his application to sell intoxicating liquors; (2) that the power to remonstrate against the granting of a license to sell intoxicating liquors upon such remonstrance as is in question in this case is a power delegated to the citizens of the township by the legislative department of the State, and can not be by them delegated to another person by powers of attorney or otherwise; (3) that said power of attorney attempts to confer upon said M. M. Hindman authority to sign any and all remonstrances in the names of those executing said power of attorney against the granting of license to any applicant, thereby leaving it entirely within the power or discretion of said Hindman to sign such names to a remonstrance against any applicant, or not to sign the same as he might see fit. The court overruled these objections, and permitted the said powers of attorney to be read in evidence, to which ruling appellant excepted. The same objections were made to the power of attorney executed by the remonstrators to Perry C. Apple, and were likewise overruled, and the proper exception reserved, and the power of attorney in question was read in evidence. Each of the remonstrances, over the objection of appellant, were read and introduced in evidence. The overruling of the objections to the introduction in evidence of the powers of attorney, and also the remonstrances, is separately assigned as reasons for a new trial, and it is also assigned as a further reason in the motion for a new trial that the finding of the court is contrary to law, and is not sustained by sufficient evidence.

The questions arising under the facts in this case, and, in truth, the only ones discussed by the parties, are: (1) Were the legal voters of Lawrence township, appellees here-

in, entitled, under the law, duly to appoint, constitute, and direct, by a written power of attorney, Apple and Hindman, as their attorneys or agents, without giving or investing them with any discretion whatever in the matter, to remonstrate in writing, in the names of their said principals, against every person applying to the board of commissioners of said county for a license to sell intoxicating liquors in that township ? (2) Said persons having accepted the agency conferred upon them as shown in this case, and having, in the names of said voters, their principals, remonstrated, as shown, against granting the license which appellant sought to obtain in this case, can such remonstrance, signed by a majority of the legal voters of that township, as disclosed, in a legal sense, be considered as the act of said voters under the provisions of the statute hereinafter set out, and, under the circumstances, were the board of commissioners, and the circuit court on appeal, justified in dismissing appellant's application by reason of such remonstrance ?

We are of the opinion that these questions must be answered in the affirmative. Section 9 of the statute commonly known as the "Nicholson law", in force since June 28, 1895, being §7283i Burns 1901, upon which the remonstrances in this case are based, which law, as held by this court, is supplemental to the liquor law of 1875, provides: "If, three days before any regular session of the board of commissioners of any county a remonstrance in writing, signed by a majority of the legal voters of any township or ward in any city situated in said county shall be filed with the auditor of the county against the granting of a license to any applicant for the sale of spirituous, vinous, malt or other intoxicating liquors under the law of the State of Indiana, with the privilege of allowing the same to be drunk on the premises where sold within the limits of said township or city ward, it shall be unlawful thereafter for such board of commissioners to grant such license to such applicant therefor during the period of two years from the

date of the filing of such remonstrance. If any such license should be granted by said board during said period the same shall be null and void, and the holder thereof shall be liable for any sale of liquors made by him the same as if such sale were made without license. The number to constitute a majority of voters herein referred to shall be determined by the aggregate vote cast in said township or city ward for candidates for the highest office at the last election preceding the filing of such remonstrance."

In *Cochell* v. *Reynolds,* 156 Ind. 14, an attempt was made to obtain a decision of this court in regard to the right of the legal voters of a township or ward to exercise their right of remonstrance under this section through a duly appointed and constituted agent; but the question was left undecided for the reason that, in that case, the matter of remonstrating or not remonstrating under the authority conferred by the power of attorney was left wholly to the discretion of the agent. In the course of the opinion in that appeal, Baker, J., said: "To each voter is committed the right to decide whether or not he will oppose any or all applications. He may be hostile to the commerce and determine that he will resist every application. He may favor a well regulated traffic and conclude to thwart only those applicants he deems unfit."

In the appeal of *Castle* v. *Bell,* 145 Ind. 8, the question in respect to the right of voters of a township to remonstrate, under §7278 Burns 1901, §5314 Horner 1901, through an attorney, against the granting of a license to sell intoxicating liquors, on the ground of immorality or unfitness of the applicant, was presented and decided. It was affirmed in that appeal, as had been previously affirmed by this court, that a proceeding before the board of commissioners to obtain a license to sell intoxicating liquors under the liquor law of 1875 was a judicial proceeding, in the nature of a civil action, which might be prosecuted or defended in person or by attorney, and the right of a voter or

voters to remonstrate through an attorney at law was sustained.

The Nicholson law of 1895, as we have said, is supplemental to the liquor law of 1875, and it in no more manner deprives a voter or voters of a township, wherein an applicant for a license desires to sell intoxicating liquors, of the right or privilege to remonstrate under §7278 Burns, *supra,* being section 3 of the liquor law of 1875, on the grounds of immorality or unfitness of the applicant. Under §9, *supra,* of the "Nicholson law," in case a majority of the voters desire to oppose the granting of a license, they are relieved of the burden of basing their remonstrance on the grounds of immorality or unfitness of the applicant, and are not required to assign any cause whatever for their opposition to the granting of the license. A remonstrance filed under said §9, §7283i Burns 1901, has no regard whatever for the merits of the application. It will operate to defeat and bar the applicant who is fit to be intrusted with a license, in like manner as it does one who is unfit. When the board of commissioners, upon a hearing, finds that such a remonstrance was signed by a majority of the legal voters of the township or ward, as the case may be, and that the same was filed with the auditor of the county within the time prescribed by the statute, the power or jurisdiction of the board in the matter of the application in the particular case is thereby terminated, and the board can proceed no further therein, but must dismiss the application at the cost of the applicant. *State* v. *Gerhardt,* 145 Ind. 439, 33 L. R. A. 313; *Massey* v. *Dunlap,* 146 Ind. 350.

The proposition is evident, we think, that when the voters avail themselves of the privilege to remonstrate under §9 of the act of 1895, they thereby become, to an extent at least, adverse parties to the applicant in the particular proceedings for a license, as do those who remonstrate for the reason of his unfitness. Of course, the former interpose their remonstrance for the single purpose of ousting the board of

commissioners of its jurisdiction over the matter, and by this means defeating the granting of the license. If they fail, however, on this issue, they have no standing before the board, under their remonstrance, to assail the fitness of the applicant. While a remonstrance filed in pursuance of §9 can not be said to perform the office of an answer to the petition of the applicant or to serve to call in question his fitness, nevertheless it may be considered as a pleading or document in the proceeding which challenges and defeats, by reason of its own legal force and effect, the jurisdiction of the board of commissioners. When filed with the auditor and presented to the board, it informs both the latter and the applicant that its purpose is to oust the jurisdiction of the tribunal in the particular case, and thereby deprive the applicant of a hearing on the merits of his application. This is the issue which the remonstrance tenders. When appellant gave the required notice of his purpose to apply to the board of commissioners for a license, he, in effect, instituted his proceeding or action, and thereby, in a legal sense, invited the legal voters of Lawrence township to remonstrate either upon the grounds that he was unfit, or under §9, *supra,* as they might deem proper. If the appellees in this appeal, or any of their number, had desired to avail themselves of the privilege to remonstrate under §7278 Burns 1901, they, by virtue of the holding of this court in *Castle* v. *Bell,* 145 Ind. 8, could have exercised such right through the agency of another, and by this method have made themselves adverse parties to the applicant in the proceedings in question. In our judgment, no sufficient reasons can be urged why a different rule should be enforced when the remonstrance is under §9, *supra,* and goes to the jurisdiction of the board, than is applicable when it relates or applies to the fitness of the applicant, as it did in the appeal of *Castle* v. *Bell, supra.* The board of commissioners is a tribunal of the people, and in respect to all matters or proceedings therein in which any of them are in-

terested or authorized to appear, in the absence of any provision of law to the contrary, they certainly have the authority to exercise such right, either in person or through the agency of another, whether such agent be a lawyer or a common layman. The contention of appellant's learned counsel, however, is that the statute in question creates a species or right of self-government, to be exercised by the voters as they may judge to be for their best interests, and hence it is asserted that they cannot delegate such power to another to be exercised for them. It is true that they cannot delegate this particular privilege or right to remonstrate, conferred upon them by the legislature, to another, to be exercised by him at his mere caprice or discretion, as was the case in *Cochell* v. *Reynolds,* 156 Ind. 14. But there is nothing in the statute conferring the privilege to remonstrate which either expressly or impliedly inhibits the voters from appointing and constituting some competent person as their special agent, and direct him to carry into effect their protest against the granting of a license to any and all persons who may thereafter apply, in order to engage in the sale of intoxicating liquors in their township or ward. Certainly the statute conferring the right is not of such a character or nature as to render the exercise of the power conferred through the agency of some one competent to act as an agent antagonistic to the principles of public policy. Neither is there anything in the nature or character of the authority conferred upon the voters which renders the same so sacred or peculiarly personal to them that the performance of the act of remonstrating in their names and for them can not be delegated. We recognize nothing in the power conferred which prevents it from being ruled by the maxim of the common law which affirms that whatever a person may do of his own right he may do by another. Of course, there are well recognized exceptions to this rule, which assert that where the act to be performed is of such a peculiarly personal nature or character that the performance thereof

ought not and cannot be delegated, such as making a will or contracting marriage, etc.   See Wharton on Agency, §21.

The exercise of the right of remonstrating under the statute in controversy is not in the nature of exercising a right to vote against the liquor traffic in general.   The right or privilege conferred is that of permitting the voters of a township or ward, after an applicant for a license has instituted his proceedings, to register their opposition through a written remonstrance against granting him a license to retail liquors, without assigning any reasons for their opposition.   Consequently, when the agents of appellees in this case, under the authority given them, subscribed the names of their principals, appellees herein, to the remonstrances involved, and placed the same on file in the office of the auditor, they did not thereby cast the votes of appellees against the traffic of intoxicating liquors, but they simply registered, as they were directed to do under the power of attorney, the opposition of appellees against granting the particular license to appellant, and thereby tendered a special issue relating to the jurisdiction of the board, to be determined by that body, subject to an appeal by the aggrieved party to a higher court.   If the question was in respect to the right of any of the appellees to appoint and employ some attorney at law of their choice to appear in any or all of the courts of justice in Marion county, and defend them in any and all actions or suits that might thereafter be instituted against them, and to sign for them all necessary answers and pleadings in making their defense, certainly such right could not be successfully controverted. Under the provisions of the power of attorney involved in the case at bar, the parties designated and constituted as the attorneys or agents of appellees herein were, in effect, directed to register, through the written remonstrance, the protest of each of their principals against the granting of a license to every applicant that might thereafter apply, and

file such remonstrance with the auditor of the county, to be presented to the board of commissioners. No discretion, under the authority given, was left by appellees to their agents. Under the provisions of the instrument or instruments by which they were empowered, they were required to discharge their duty by performing the act of remonstrating, in the names of their principals, against every applicant for a license to sell intoxicating liquors in Lawrence township, and their neglect to do so would have been a violation of the duty enjoined upon them, which they agreed to discharge by accepting the appointment.

The right of voters remonstrating through the agency of another, or any of them, to entirely revoke or modify the power conferred upon their agent before the remonstrance is filed, must be conceded; and their further right, after the filing of the remonstrance, and before the beginning of the three days' limitation, of any or all of such remonstrators, to withdraw their names from the document, as held in *State* v. *Gerhardt,* 145 Ind. 439, *White* v. *Prifogle,* 146 Ind. 64, and *Sutherland* v. *McKinney,* 146 Ind. 611, must also be granted.

It is insisted by counsel for appellant that the words "any applicant", as employed in the power of attorney in this case, serve to invest the attorney or agent thereby appointed with a discretion to remonstrate against the granting of a license to some applicants, and not against others. This contention is untenable. The instrument in question must be construed to effectuate the object or purpose, if the same can be ascertained, of those by whom it is executed. From the positive language employed therein, it is certainly evident that those executing the instrument intended that the attorney or agent designated should remonstrate in their names, and for them, against granting a license in all cases in which such privilege was sought by an applicant, for the purpose of vending intoxicating liquors in their township. While perhaps it would have been better, in drafting the

power of attorney, to have used the terms "any and all applicants", still the word "any," as therein employed, was the equivalent of the word "all" or "every." The word "any" is frequently and appropriately used to express the same meaning as "all" or "every." 2 Am. & Eng. Ency. of Law (2d ed.), 414, and cases there cited.

Without further comment, we are constrained, under the facts in this case, to hold that the remonstrances in dispute were valid, and are therefore sustained, and by reason of their force and effect the lower court was justified in dismissing appellant's application, and in rendering judgment against him for costs. There is no error prejudicial to appellant in any of the rulings of the court, and the judgment is therefore affirmed.