IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1902, AND NOVEMBER TERM, 1902, IN THE EIGHTY-SEVENTH AND EIGHTY-EIGHTH YEARS OF THE STATE.

---

## FRIED ET AL. v. NELSON.

[No. 4,256. Filed November 6, 1902.]

INTOXICATING LIQUORS.—*License.*—*Remonstrance.*—*Power of Attorney.*—The voters of a township in which a license to sell intoxicating liquors is sought may appoint an attorney or agent to remonstrate for them and do any acts in relation thereto which they could do if personally present.

From Kosciusko Circuit Court; *H. S. Biggs*, Judge.

Application by Johnson Nelson for a license to sell intoxicating liquors. From a judgment of the circuit court reversing an order of the board of commissioners refusing the license, Heber M. Fried and others, remonstrants, appeal. *Reversed.*

*S. J. North* and *E. F. Ritter*, for appellants.
*L. R. Stookey* and *A. F. Biggs*, for appellee.

HENLEY, P. J.—Appellee applied to the board of commissioners of Kosciusko county for a license to sell intoxicating liquors. From a judgment of the circuit court reversing an order of the board of county commissioners refusing the license, appellants, the remonstrators, have ap-

pealed. The remonstrance was filed under §9 of the act of 1895 (Acts 1895, p. 248, §7283i Burns 1901), and was signed by a majority of the legal voters of the township wherein the license was sought. It was filed at the proper time. It appears that the names of all the remonstrators were signed to the remonstrance by Sampson J. North, their attorney in fact.

The rights of a legal voter of a township to remonstrate through an attorney in fact seems to be the only question presented by the record. The trial court sustained the motion of the appellee to strike out the remonstrance. In the motion to strike out the remonstrance two reasons were assigned: "(1) That said remonstrance is not signed by Heber M. Fried and others, whose names are attached thereto, but all said names are signed by Sampson J. North; (2) that the name of said Heber M. Fried and others are signed to said remonstrance by Sampson J. North, and said remonstrance does not disclose any power or authority of said North to sign said names." The record shows that Sampson J. North signed all of the names attached to the remonstrance as the attorney in fact for all of them. This he had a right to do. The qualified voters of the township in which the license was sought had a right to appoint an attorney or agent to remonstrate for them and do any acts in relation thereto which they might have done if personally present. This is the plain rule deducible from the later decisions of both courts of appeal in this State. *Ludwig* v. *Cory,* 158 Ind. 582; *White* v. *Ferguson,* 29 Ind. App. 144.

The motion to remand did not present any issue by which the sufficiency of the power of attorney under which the attorney in fact acted could be tested. In fact the power of attorney under which Sampson J. North acted does not appear in the record, and no issue was at any time tendered by appellee which would require it to be produced, either in the pleadings or evidence.

The judgment of the circuit court is reversed, with instructions to overrule appellee's motion to strike out the remonstrance, and for further proceedings in harmony with this opinion.