## RAGLE *v.* MATTOX.

[No. 19,981. Filed December 19, 1902.]

INTOXICATING LIQUORS.—*Remonstrance.—Power of Attorney.*—A remonstrance by power of attorney against the granting of a license to sell intoxicating liquors is not invalid because the power of attorney does not contain the name of any applicant, but is general and directed against all applicants for license.

From Sullivan Circuit Court; *O. B. Harris*, Judge.

From a judgment of the circuit court reversing the action of the board of commissioners in refusing to grant to Alonzo Mattox a license to sell intoxicating liquors, John Ragle, remonstrator, appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*J. T. Hays, W. R. Nesbit* and *W. H. Hays*, for appellant.

*A. D. Leach*, for appellee.

DOWLING, J.—The appellee filed with the board of commissioners of Sullivan county his application for a license to sell spirituous, vinous, malt, and other intoxicating liquors at retail, under the act of March 11, 1895 (Acts 1895, p. 248, §§7283a-7283k Burns 1901). At the proper time the appellant appeared and filed a remonstrance against the granting of such license, signed by himself, and also by a majority of the voters of the township in which the premises of the petitioner were situated, all of whose names had been subscribed by the appellant as the attorney in fact of such remonstrants. The board of commissioners sustained the remonstrance, and refused to grant the applicant a license. An appeal was taken by the appellee to the circuit court, and upon a trial of the cause there was a special finding

with conclusions of law thereon, and a judgment in favor of the appellee.

The conclusions of law were as follows: "(1) That the said remonstrance is invalid and void, and said remonstrance should be dismissed; (2) that said Alonzo Mattox is entitled to receive a license, and a license should be granted to him to sell intoxicating liquors, of the kind and in the premises specified in his application, in Jackson township, Sullivan county, Indiana." The errors assigned are upon the conclusions of law.

The contention of the appellee is that the appellant had no authority to sign the names of the remonstrants to the paper filed with the board, for the reason that the power of attorney, under which he claimed to act, did not contain the name of the appellee, but was general in its character, and directed against all applicants for license. So much of the power of attorney as is involved in this controversy is in these words: "We, the undersigned, residents and voters of Jackson township, in Sullivan county, State of Indiana, do hereby respectively authorize John Ragle and Albert J. Zink, or either of them, to sign our respective names to any and all remonstrance or remonstrances against persons who may give notice of intention to apply for license to sell intoxicating liquors in said township, and hereby give such authority and sanction to said signing the same as if respectively signed by us, and also authorize them to properly file and present such remonstrance to the board of commissioners of said county."

The questions presented and argued here on behalf of the appellee have very recently been decided by this court in two cases, and in each adversely to the views of the appellee. In *Ludwig* v. *Cory,* 158 Ind. 582, it was held that a remonstrance signed by an attorney in fact under a power of attorney,—substantially the same as that before us,—was legal and effectual to bar the application for license.

The same ruling was subsequently made in *Boomershine* v. *Uline, ante,* 500.

Upon the authority of these cases, we hold that the court erred in each of its conclusions of law, and for these errors the judgment is reversed, with instructions to the court to restate its conclusions of law in accordance with this opinion, and to render judgment thereon in favor of the appellant.