## SHAFFER *v.* STERN ET AL.

[No. 20,043.   Filed April 7, 1903.]

INTOXICATING LIQUORS.—*Remonstrance.—Time of Filing.*—A remonstrance, under §7283i Burns 1901, against the granting of a license to sell intoxicating liquors, filed on Friday immediately preceding the Monday on which the regular session of the board of commissioners begins, is in time. *p. 376.*

SAME.—*Remonstrance.—Towns.—Majority of Voters in Township.—Wards.*—A remonstrance against the granting of a license to sell intoxicating liquors in a town, signed by a majority of the legal voters of the township is sufficient, although it does not contain the signatures of a majority of the voters of the ward in which the applicant desires to sell. *p. 376.*

SAME.—*Remonstrance.—Power of Attorney.*—A remonstrance against the granting of a license to sell intoxicating liquors signed by power of attorney is valid. *p. 377.*

SAME.—*Remonstrance.—Power of Attorney.—Death of Remonstrant.—Effect.*—A power of attorney executed by a majority of the voters of a township authorizing the attorney to sign a remonstrance against the granting of a license to sell intoxicating liquors is not joint, but several as to each person who executed it, and the death of one or more persons executing it revoked the same as to them only. *p. 377.*

SAME.—*Remonstrance.—Trial.—Evidence.*—Where an application for the sale of intoxicating liquors was denied on account of a remonstrance thereto, as authorized by §7283i Burns 1901, the refusal of the court to permit the applicant to make proof of qualifications was harmless. *p. 377.*

From Harrison Circuit Court; *E. A. Ely,* Special Judge.

Proceeding by Charles F. Shaffer to obtain a license to sell intoxicating liquors in which Herman J. Stern and others filed a remonstrance. From a judgment sustaining the remonstrance, applicant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*E. B. Stotsenburg, J. H. Weathers* and *M. W. Funk,* for appellant.

*G. W. Self, William Ridley* and *R. S. Kirkham,* for appellees.

Monks, J.—This proceeding was brought by appellant, under §7278 Burns 1901, §5314 R. S. 1881 and Horner 1901, to obtain a license to sell intoxicating liquors in the town of Corydon, Harrison township, Harrison county, Indiana, in a less quantity than five gallons at a time. §7283 Burns 1901, §5318 Horner 1901, Acts 1897, p. 253. The board of commissioners and the court below on appeal refused the license, and dismissed the application, on the ground that a majority of the legal voters of said Harrison township had remonstrated against granting said license to appellant, under §7283i Burns 1901, §5323i Horner 1901, being §9 of the act known as the Nicholson law (Acts 1895, p. 248).

The remonstrance in this cause was filed on Friday, August 30, 1901, and the board of commissioners met in regular session on Monday, September 2, 1901. It is claimed by appellant that said remonstrance, under §9 of the Nicholson law, was not available, because not filed on or before Thursday, August 29, 1901. This court has held that a remonstrance under said §9 may be filed on or before the Friday immediately preceding the Monday on which the regular session of the board of commissioners begins. *White* v. *Prifogle,* 146 Ind. 64, 65; *Flynn* v. *Taylor,* 145 Ind. 533, 534-536.

It is next insisted that the remonstrance was insufficient because it is not shown that it was signed by a majority of the legal voters of the ward in the town of Corydon, in which appellant desired to sell intoxicating liquors. The remonstrance was signed by a majority of the legal voters of Harrison township, and this, under said §9, *supra,* deprived the board of commissioners, and the court below on appeal, of jurisdiction to grant a license to appellant. If the application is to sell intoxicating liquors in an incorporated or unincorporated town, a remonstrance by a majority of the legal voters of the township in which the applicant desires to sell is all that is required to deprive the

board of commissioners of jurisdiction to grant the same. It is only where the applicant desires to sell intoxicating liquors in the ward of a city that a remonstrance by a majority of the legal voters of said ward is required. *Massey* v. *Dunlap,* 146 Ind. 350, 352-355.

The remonstrance in this case was not signed by the voters in person, but by one acting under the authority of a written instrument executed by said voters. Appellant insists that the remonstrance was void because not executed by the voters in person. In *Ludwig* v. *Corey,* 158 Ind. 582, the power of attorney was substantially the same as the one in this case, and this court held the remonstrance valid, the same as if signed by the voters themselves. The last-named case was followed and approved in *Boomershine* v. *Uline,* 159 Ind. 500.

Wilbur F. Denbo and Edward E. Rhodes, two voters of said township, who had executed said power of attorney, died before the remonstrance in this case was signed. Appellant claims that the power of attorney was joint, and that the death of said persons revoked the same as to all who joined in its execution. The power of attorney was not joint, but several, as to each person who executed it. The death of any one or more of those executing the power of attorney revoked the same as to them only.

Appellant complains because he was not allowed to prove on the trial that he possessed the qualifications required by §7278, *supra.* As appellant was denied a license, and his application was dismissed on account of the remonstrance under §9, *supra,* the refusal of the court to permit him to make proof of his qualifications under said section, even if erroneous, was harmless. *Ludwig* v. *Cory, supra.*

Judgment affirmed.