## SEXTON v. GOODWINE ET AL.

[No. 4,561. Filed November 18, 1903. Rehearing denied May 10, 1904. Transfer denied June 8, 1904.]

INTOXICATING LIQUORS.—*Remonstrance.*—*Time of Filing.*—*Word "Day."*— Remonstrators having the right to file a remonstrance on a certain day against the granting of a license to sell intoxicating liquors have the whole of such day to file it, since the word "day" in a statute means the entire twenty-four hours from midnight to midnight. *pp. 330, 331.*

SAME.—*Remonstrance.*—*Withdrawal of Names.*— Where the right to withdraw from a remonstrance against the granting of a license to sell intoxicating liquors is not exercised before the beginning of the first day of the three-days' period within which such remonstrance is required to be filed, the right to withdraw no longer exists. *pp. 331–333.*

From Warren Circuit Court; *Joseph M. Rabb,* Judge.

Application by John Sexton for a license to sell intoxicating liquors. John C. Goodwine and others remonstrated. From a judgment denying the license, the applicant appeals. *Affirmed.*

*Ele Stansbury* and *H. D. Billings,* for appellant.
*C. V. McAdams,* for appellees.

ROBINSON, C. J.—Application by appellant for a liquor license. The court found appellant to be a fit person to be entrusted with such license, and that he gave the required notice of his intention to apply for a license at the September term, 1901, of the board, commencing Septem-

ber 2, 1901. Prior to August 30, 1901, remonstrances had been circulated and signed by 173 legal voters. The remonstrances were filed in the county auditor's office on August 30, 1901, at 9 o'clock p. m. The total number of votes cast in the township for the highest office at the November election in 1900 was 332. Prior to the 30th day of August, 1901, Victor White, Lewis Reynolds, Charles Lape, William P. Dowell, and James M. Tharp, who were legal voters, had signed the remonstrance. After attaching their names to the remonstrance and delivering the same into the custody of other remonstrators who were circulating the same, they signed, at the request of the applicant, a paper reading: "We, the undersigned legal voters of Pike township, Warren county, Indiana, hereby withdraw our names from the remonstrance against John Sexton for a license to sell intoxicating liquors in said township, and ask that our names be not counted as remonstrators against the granting of such license. Witness our hands this August 30, 1901." After signing this paper, it was delivered to appellant, the applicant, and was by his attorney filed in the auditor's office at 5:30 o'clock p. m., August 30, 1901. Appellant's application for a license was filed in the auditor's office August 31, 1901. Upon these facts the court denied the application.

The only question presented is whether the five names should have been counted as remonstrators. As the remonstrance was filed on Friday, August 30, 1901, before the meeting of the board on Monday, September 2, 1901, it was filed in time. *Flynn* v. *Taylor,* 145 Ind. 533. The remonstrators, having the right to file the remonstrance on Friday, had the right to file it at any time during that day; that is, they had the whole of Friday to file it. *Adams* v. *Dale,* 29 Ind. 273. The word "day" in a statute means the entire twenty-four hours. "It commences at 12 o'clock p. m. and ends at 12 o'clock p. m., running from midnight to midnight." *Benson* v. *Adams,* 69 Ind. 353, 35 Am.

Rep. 220. As a general rule, the law knows no division of a day. But this rule is never allowed where it will promote injustice or wrong, and fractions of a day will be regarded when important in the settlement of conflicting interests, as in determining the priority of different mortgages, deeds, or other instruments executed by one person to different parties on the same day. *Gibson* v. *Keyes,* 112 Ind. 568; *Pressley* v. *Board, etc.,* 80 Ind. 45.

However, the question presented by this appeal is expressly decided by the Supreme Court. In *State* v. *Gerhardt,* 145 Ind. 439, 473, 33 L. R. A. 313, the court, discussing this section of the statute, said: "Until the beginning of this three-days' period, whether the remonstrance has been placed on file or not, any remonstrator must be deemed to have the absolute right, by some affirmative act of his own, to withdraw his name from such remonstrance. But if this right is not exercised prior to the beginning of the first day of this three-days' period, it no longer exists." And in *White* v. *Prifogle,* 146 Ind. 64, the court said: "It follows therefore that the preceding Friday is the first day of the three-days' period, and we held in *State* v. *Gerhardt,* 145 Ind. 439, that if the right to withdraw from a remonstrance was not exercised prior to the beginning of the first day of this period, that it no longer existed." See, also, *Conwell* v. *Overmeyer,* 145 Ind. 698; *Sutherland* v. *McKinney,* 146 Ind. 611.

Judgment affirmed.


## ON PETITION FOR REHEARING.

ROBINSON, J.—Appellant's counsel earnestly insist upon a rehearing, and the argument rests upon the following in *Ludwig* v. *Cory,* 158 Ind. 582: "The right of voters remonstrating through the agency of another, or any of them, entirely to revoke or modify the power conferred upon their agent before the remonstrance is filed, must be

conceded; and their further right, after the filing of the
remonstrance, and before the beginning of the three days'
limitation, of any or all of such remonstrators, to withdraw
their names from the document, as held in *State* v. *Ger-
hardt,* 145 Ind. 439, *White* v. *Prifogle,* 146 Ind. 64, and
*Sutherland* v. *McKinney,* 146 Ind. 611, must also be
granted." It will be noticed that in the Ludwig case the
right of remonstrators to withdraw was not directly in
issue, but that the above language was used in considering
the nature of the right exercised by a person signing a
remonstrance, either in person or through an attorney in
fact.

In the Gerhardt case was this question: "Has a remon-
strant, after the expiration of the time within which a
remonstrance may be filed, the absolute right without
cause to withdraw from it, leaving the remonstrance, which
theretofore had contained sufficient remonstrants to defeat
the granting of the license, insufficient on account of the
withdrawal of the signatures to accomplish the result?"
After stating that this question must be answered in the
negative, the court said: "Until the beginning of this
three-days' period, *whether the remonstrance has been
placed on file or not,* any remonstrator must be deemed to
have an absolute right, by some affirmative act of his own,
to withdraw his name from such remonstrance. But if
this right is not exercised prior to the beginning of the
first day of this three-days' period, it no longer exists."
(Our italics.) This language states a general rule with
reference to withdrawals, and is plain. We can not agree
with the statement of counsel that if anything can be said
to be contained in the above language supporting appellees'
position, it must be admitted to be *obiter.* We think the
language used by the court is plain, and that it applies to
the case at bar. The remonstrance in the case at bar could
be filed on Friday (*Flynn* v. *Taylor,* 145 Ind. 533), but
the case of *State* v. *Gerhardt, supra,* plainly holds that the

right to withdraw did not exist after the beginning of Friday.

Petition overruled.