## DAVIS v. AFFLECK ET AL.

[No. 5,205. Filed February 14, 1905.]

1. INTOXICATING LIQUORS.—*Remonstrance.*—*Withdrawal.*—The signers of a remonstrance against the granting of a license to an applicant to sell intoxicating liquors may withdraw therefrom, whether such remonstrance is filed or not, at any time before the Friday preceding the beginning of the session of the board at which application is to be made. p. 574.

2. SAME. — *Remonstrance.* — *Withdrawal.* — Where a remonstrance signed by 74 more than a majority of the legal voters of a township is filed against the grant of a license to sell intoxicating liquors to an applicant, but 81 of such persons filed with the auditor on Thursday preceding the session of the board at which application was to be heard their written withdrawals from such remonstrance, such withdrawals are valid and their names must be stricken from such remonstrance. p. 576.

From Marion Circuit Court (12,604); *Henry C. Allen,* Judge.

Application by William H. Davis for license to sell intoxicating liquors at retail. Thomas Affleck and others file a remonstrance. From a judgment refusing such license, said applicant appeals. *Reversed.*

*Albert Baker, Edward Daniels, William W. Woollen* and *Evans Woollen,* for appellant.

*Eli F. Ritter,* for appellees.

WILEY, J.—This cause was transferred from the Supreme Court. Appellant gave notice and filed his application for a license to sell intoxicating liquors at Acton, Indiana. His application was to be heard at the regular April session, 1903, of the board of commissioners of Marion county. On Friday, being three days before the convening of the April session of said board, a remonstrance was filed with the auditor of the county, which remonstrance contained a majority of all the legal voters of the township in which Acton is located. The remonstrance was filed under section nine of what is commonly known as the Nicholson law. Acts 1895, p. 248. The name of each of the remonstrators appearing upon the instrument was signed by S. L. Arnold, in pursuance of an authority vested in him by a written instrument as follows: "We, the undersigned, residents and voters in Franklin township (or ward, in the city of Acton), in Marion county, State of Indiana, do hereby respectfully authorize, empower and request S. L. Arnold and ————, or either of them, to sign our respective names to any and all remonstrance or remonstrances against persons who may give notice of intention to apply for a license to sell intoxicating liquors in said township (or in the aforesaid ward) and also properly to file and present said remonstrance or remonstrances to the auditor of said county."

On Thursday before the regular April session of the board of county commissioners, there was filed in the auditor's office of said county the following instrument: "To the board of commissioners of the county of Marion, State of Indiana: The undersigned severally revoke every appointment of any agent or attorney in fact to sign their names on remonstrances under the act of March 11, 1895, known as the Nicholson law. Withdraw their names from every

remonstrance on which they may have been signed by themselves or by any such agent or attorney in fact; and withdraw their names from every remonstrance on which they may hereafter be signed by any agent or attorney in fact heretofore appointed."

The board of commissioners refused to consider appellant's application for license, upon the ground that its jurisdiction was ousted by said remonstrance, and thereupon he appealed to the circuit court. The cause was submitted to the circuit court upon the above-stated facts and the evidence adduced, and a finding and judgment followed, denying the applicant a license. In appellant's motion for a new trial, he raised three questions: (1) The insufficiency of the evidence to sustain the decision; (2) that the decision was contrary to law; and (3) that the court erred in sustaining the objection of the remonstrators to a certain question propounded to a witness by the applicant.

The error assigned is the overruling of the motion for a new trial.

The instrument filed before the auditor of the county on Thursday preceding the filing of the remonstrance was signed by eighty-one legal voters of the township. The remonstrance as filed contained seventy-four more names of the legal voters of the township than constituted a majority of the legal voters thereof. It follows, therefore, that if the instrument filed on Thursday, which contained the names of eighty-one of the legal voters of the township who had signed the remonstrance, was sufficient to amend the power of attorney, or the agency which they had created authorizing Arnold to sign their names to any and all remonstrances, then the remonstrance when filed did not contain a majority of all the legal voters of the township. This is the one important question in the case, and a correct decision of it must determine the rights of the parties.

1. It is earnestly contended by counsel for appellant that the instrument filed with the auditor of the county on

Thursday was good, as revoking the power of the attorney in fact to sign to any remonstrance the names of the eighty-one persons whose names appeared on said instrument. At any time prior to the jurisdictional period of three days before the first Monday of any month in which an application for liquor license is to be heard, whether the remonstrance has been placed on file or not, any remonstrator has the absolute and undoubted right, by some affirmative act of his own, to withdraw his name from such remonstrance. This question is no longer an open one in this jurisdiction. *State* v. *Gerhardt* (1896), 145 Ind. 439; *Conwell* v. *Overmeyer* (1896), 145 Ind. 698; *Sutherland* v. *McKinney* (1897), 146 Ind. 611; *Ludwig* v. *Cory* (1902), 158 Ind. 582.

In *State* v. *Gerhardt, supra,* at page 473, the Supreme Court said: "Until the beginning of this three days' period [meaning the three days intervening between the filing of the remonstrance and the first day of the term of the board of commissioners at which the application for license is heard], whether the remonstrance had been placed on file or not, any remonstrator must be deemed to have the absolute right, by some affirmative act of his own, to withdraw his name from such remonstrance."

So far as we are advised, the courts have not judicially and specifically determined what shall constitute such "affirmative act of his own," which shall be sufficient to withdraw the remonstrator's name from the remonstrance; but we do know that it has been judicially determined that it must be some affirmative act. We have no doubt but that a remonstrator who has either signed his name to a remonstrance himself, or authorized some one to sign it for him, could, if he had access to the remonstrance, erase his name therefrom at any time before the beginning of the three days' limit. That would certainly be an affirmative act. He might also authorize some one to do that for him, and that would also be an affirmative act. It occurs to us that any act of a remonstrator which evinces an intention or desire to

withdraw from the remonstrance would constitute an affirmative act, within the meaning of the decided cases. If a remonstrator should notify the proper authorities in some legitimate way, within the proper time, that his name had been signed to a remonstrance either in person or by an attorney in fact or agent, and that he did not desire that his name should be counted thereon as a remonstrator, it certainly would be a revocation of the remonstrance, so far as he was personally concerned, for he would thus evince an intention and desire to that end by some affirmative act of his own. It might be utterly impossible for one who has signed a remonstrance, or authorized it to be signed for him, to obtain physical possession of the remonstrance so as to erase his name, and hence the courts have wisely held that he may do this by some affirmative act.

2. By the instrument filed with the auditor on Thursday, eighty-one of the legal voters whose names appeared on the remonstrance revoked every appointment of any agent or attorney in fact to sign their names on remonstrances, and withdrew their names therefrom, whether signed by themselves or by an attorney in fact. We do not see why this instrument was not as formal and binding as the instrument which created the agency by which these eighty-one names were signed to the remonstrance. Neither the instrument creating the agency, nor the one revoking it and withdrawing the names, was executed under seal, nor was it necessary that either should be. The instrument of revocation and withdrawal was broad enough and comprehensive enough to include any and all remonstrances against any and all applicants. It being conceded that the eighty-one names signed to this withdrawal and revocation were sufficient to reduce the remaining number of remonstrators to less than a majority of all the legal voters of the township, and that it was timely filed, it necessarily follows that if the court was not authorized to count these eighty-one names as legal remonstrators at the time, then there did not remain a

majority of all the legal voters in the township. The officers charged with the execution of the law had ample and timely notice that eighty-one voters of the township, who had signed the remonstrance by an affirmative act of their own, declared that they did not desire to be counted as remonstrators, and hence they were not on the remonstrance, in contemplation of law, after the board of commissioners had been notified of their withdrawal. We do not believe that any other conclusion can be sustained, either in law or upon reason.

The judgment is reversed, and the court below is directed to sustain appellant's motion for new trial, and for further proceedings not inconsistent with this opinion.