## LEE *v.* SHULL ET AL.

[No. 21,341. Filed May 25, 1909.]

1. INTOXICATING LIQUORS.— *Remonstrances.*— *Time of Filing.*— A remonstrance against the granting of a license to retail intoxicating liquors may be filed at any time on or before the Friday preceding the Monday on which the application is to be presented to the board of commissioners (§8332 Burns 1908, Acts 1905, p. 7). p. 311.

2. INTOXICATING LIQUORS.— *Remonstrances.*— *Execution.*— *Withdrawals.*—Any voter of the township or ward in which the applicant for a license to retail liquors desires to sell may remon-

strate against the granting of such license, and may withdraw
from the remonstrance in person or by attorney.  p. 312.

3.  INTOXICATING LIQUORS.— *Remonstrances.— Withdrawals.— Time
for.*—Where persons sign a remonstrance against the grant-
ing of a license to retail intoxicating liquors, and such remon-
strance is filed with the county auditor before the Friday next
preceding the meeting of the board of commissioners on Monday,
they may withdraw therefrom not later than midnight of the
Thursday preceding such convening of the board.  p. 312.

4.  INTOXICATING LIQUORS.— *Remonstrances.— Execution.— With-
drawals.*—Voters may revoke their signatures to, or powers of
attorney to sign, remonstrances against the granting of licenses
to retail liquors at any time before the filing of such remon-
strances on the Friday preceding the convening of the board of
commissioners on Monday.  p. 312.

5.  INTOXICATING LIQUORS.—*Remonstrances.—Withdrawals.—Subse-
quent Signing of Remonstrances.*—Where voters remonstrate
against the granting of a license to retail liquor, and on the
Thursday preceding the convening of the board of commissioners
on Monday a number of them file withdrawals, but on Friday
again execute a new remonstrance along with the others, and
file same, such new remonstrance is valid.  p. 312.

From  Blackford  Circuit  Court;  *Charles  E.  Sturgis,*
Judge.

Application by John W. Lee for license to retail intoxi-
cating liquors, against which C. Q. Shull and others remon-
strate.  From a judgment for remonstrants, the applicant
appeals.  *Affirmed.*

*Aaron M. Waltz* and *Leonard & Townsend,* for appellant.
*C. W. Kinnan, J. B. Mason* and *J. A. Hindman,* for ap-
pellees.

HADLEY, J.—On May 29, 1908, three days before the
regular June session of the Board of Commissioners of the
County of Wells, a general remonstrance against the grant-
ing to any one of a license to sell intoxicating liquors at re-
tail, within the second ward of the city of Montpelier, was
filed with the auditor of said county, which remonstrance,
when filed, contained the names of 131 persons.  Appellant
had previously given notice that he would, at the June ses-

sion of said board, apply for a license to retail liquors in said ward. At the last preceding election there were 213 legal votes cast in the ward, of which number 107 constituted a majority. Of the 131 signers to the remonstrance, seven were shown to be not legal voters of the ward. Four others of the number had revoked the powers of attorney before their names had been attached to said remonstrance, thus reducing the number of remonstrators to 120. Of these 120, twenty-two had, on Thursday, May 28, executed and filed with the auditor their written withdrawals from the remonstrance, and on the next day, to wit, Friday, May 29, reëxecuted the remonstrance by attorneys in fact, who were authorized so to do by new powers executed after the filing of the withdrawals, and before the filing of the remonstrance.

So the case comes to this: If the twenty-two persons who withdrew from the remonstrance on Thursday, and reëxecuted the same on Friday, before filing, are to be counted as remonstrators, then a majority of the legal voters of the ward were remonstrators, and neither the commissioners nor the circuit court acquired jurisdiction to authorize the issuance of a license to appellant, as was held by the court below, and the case must be affirmed. If said twenty-two persons were bound by their withdrawals, filed with the auditor on Thursday, and their effort to reëxecute the remonstrance on Friday was a nullity, as contended by appellant, then the cause must be reversed.

Relating to the construction of section nine of the act of 1895 (Acts 1895, p. 248, §7283i Burns 1901), known as the Nicholson law, and as amended by the act of 1905 (Acts 1905, p. 7, §8332 Burns 1908), known as the Moore amendment, the following propositions may be deemed as settled: (1) A remonstrance against the issuance of a license to retail intoxicating liquors may be filed on Friday immediately preceding the Monday on which a regular session of the board of commissioners begins. §1350 Burns 1908, §1280 R. S. 1881; *Flynn* v. *Taylor* (1896), 145 Ind.

Lee *v.* Shull—172 Ind. 309.

533, 536; *Conwell* v. *Overmeyer* (1896), 145 Ind. 698; *White* v. *Prifogle* (1896), 146 Ind. 64, 65; *Shaffer* v. *Stern* (1903), 160 Ind. 375; *Cain* v. *Allen* (1907), 168 Ind. 8, 28.

2. (2)  Voters may sign a remonstrance, and may withdraw therefrom in person, or by duly authorized attorneys. *Castle* v. *Bell* (1896), 145 Ind. 8, 11; *Ludwig* v. *Cory* (1902), 158 Ind. 582; *Ragle* v. *Mattox* (1902), 159 Ind. 584; *Shaffer* v. *Stern, supra; Cain* v. *Allen, supra.*

3. (3)  Persons who have signed a remonstrance in person, or by attorney, which has been placed on file in the auditor's office before the Friday next preceding a regular session of the board of commissioners, may withdraw their names therefrom at any time not later than Thursday midnight next before such regular session. In such case the document becomes effective as a remonstrance on the beginning of Friday, and it is then too late to withdraw.

4. As to a paper not filed in the auditor's office, as a remonstrance, until sometime during the preceding Friday, signers may withdraw their names therefrom at any time before filing, and may revoke a power of attorney to sign the same at any time before the power is exercised. *State* v. *Gerhardt* (1896), 145 Ind. 439, 33 L. R. A. 313; *White* v. *Prifogle, supra; Sutherland* v. *McKinney* (1897), 146 Ind. 611; *Cain* v. *Allen, supra; Miller* v. *Resler* (1909), *post,* 320; *Davis* v. *Affleck* (1905), 34 Ind. App. 572.

5. The twenty-two persons aforesaid having, on Thursday, May 28, executed and filed with the auditor their withdrawals from the remonstrance, on Friday morning the legal status of the intended remonstrance was the same as if it had never been signed by those who had withdrawn; and, the withdrawals having reduced the number of remonstrants to less than a majority of the voters of the ward, the document, as a remonstrance, was thereby rendered of no consequence. It had not reached the files of the

auditor's office, and had never been effective for any purpose, and those who had signed, and those who had withdrawn therefrom, had the same freedom of action with respect to any subsequent remonstrance that they would have enjoyed had they never signed the unsuccessful document. The record shows that after the withdrawals of May 28 the defunct remonstrance was wholly abandoned, and on May 29 a new remonstrance was executed and filed in the auditor's office, containing the names of a majority of the legal voters of the ward in question. The filing was timely, and, having the names attached at the time of filing, it was wholly immaterial when the several acts of signing took place, or whether any of the signers had ever before signed, and withdrawn from, a document intended, but which had proved abortive, as a remonstrance. It is only those who sign a remonstrance that is timely filed with the auditor, and becomes and remains effective to suspend the power of the board of commissioners for two years, who are themselves concluded by the act for the same period. The record presents no error.

Judgment affirmed.