## HOOP v. AFFLECK ET AL.

[No. 20,182. Filed May 10, 1904.]

INTOXICATING LIQUORS.— *Sales.*— *License.*— *Remonstrance.*— *Constitutional Law.*—The power of voters to defeat an application for a license to sell intoxicating liquors by filing a remonstrance, under §7283i Burns 1901, does not amount to the clothing of a class of citizens with judicial power in violation of §1, article 7, of the Constitution. *p. 565.*

SAME.—*License.*—*Remonstrance.*—*Constitutional Law.*—The fact that §7283i Burns 1901 permits a remonstrance to be signed by a power of attorney does not render the statute obnoxious to §23, article 1, of the Constitution on the ground that an applicant for a license who is confronted by a remonstrance signed by an omnibus power of attorney has not an equal chance with an applicant confronted by a personally signed remonstrance. *pp. 565-567.*

From Marion Circuit Court (12,605); *H. C. Allen*, Judge.

James Hoop filed an application for a license to sell intoxicating liquors in the town of Acton. From a judgment of the circuit court sustaining the action of the board of commissioners in refusing to strike a remonstrance from the files and to consider the application for a license, the applicant appeals. *Affirmed.*

*W. W. Woollen, Evans Woollen, Albert Baker* and *Edward Daniels*, for appellant.

*E. F. Ritter*, for appellees.

HADLEY, J.—The appellant filed with the board of commissioners of Marion county his application for a license to sell intoxicating liquors in the town of Acton. There was timely filed with the auditor a remonstrance against the issuance of a license to the appellant, signed by divers legal voters of the township. The name of each person affixed to the remonstrance was signed by S. L. Arnold, in pursuance of authority vested in him by a written power of attorney executed conjointly, but severally, by all the persons whose names appeared to the remonstrance. Appellant's motion to strike said remonstrance from the files was

overruled.    The board having considered the same, and found it contained the signatures of seventy-two more than a majority of all the legal voters of the township, thereupon refused to consider appellant's application for license. Whereupon appellant appealed to the Marion Circuit Court, and upon a trial therein there was a finding and judgment against him for costs, from which latter judgment this appeal is prosecuted.

The judgment of the lower court is assailed upon the ground that section nine of the act of 1895 (Acts 1895, p. 248, §7283i Burns 1901), commonly known as the Nicholson law, contravenes §1, article 7, and §23, article 1, of the state Constitution.

It is argued that the power of voters to defeat an application for license by filing a remonstrance under said §7283i amounts to the clothing of a class of citizens with judicial power, in violation of §1, article 7, of the Constitution, which provides that all judicial power shall be vested in a supreme, circuit, and such other courts as the General Assembly may establish.    The power to confer or defeat jurisdiction is legislative and not judicial. The board of commissioners, being a creature of the legislature, has only such judicial power or jurisdiction as that body has seen proper to give, and may exercise that given only upon the terms and conditions prescribed.    Under the Nicholson law the board of commissioners is empowered, as a court, to take cognizance of an application for license. If it finds that proper notice has been given, it must then take up the question of a remonstrance.    If it is found that one has been timely filed, it then becomes its duty, under the law, to inquire and decide whether such remonstrance is in proper form and substance, and executed by a majority of the legal voters of the particular district. The authority to inquire and decide is both judicial power and jurisdiction.    If it is found that the remonstrance is in due form and adequately signed, the finding, *ipso facto,*

defeats the further jurisdiction of the board in the same sense that an affirmative finding on a plea in abatement will defeat jurisdiction. The execution and presentation of a remonstrance is in no sense the exercise of judicial power. It amounts to nothing more than the proving or establishing of a fact as against which the General Assembly has said the commissioners shall have no power to proceed. *State* v. *Gerhardt*, 145 Ind. 439, 33 L. R. A. 313; *Cochell* v. *Reynolds*, 156 Ind. 14; *Ludwig* v. *Cory*, 158 Ind. 582.

We decided, in *Boomershine* v. *Uline*, 159 Ind. 500, that section nine does not grant special privileges in violation of §23, article 1, of the Constitution, since all applicants are subject to the same conditions; but it is here contended that the applicant who is confronted with a remonstrance signed by an omnibus power of attorney, as in this case, has not an equal chance of success with an applicant confronted by a personally signed remonstrance. That the former's opportunity to secure a hearing is less, and the trouble and expense to which he is subjected by reason of unfairness and fraud of remonstrators is greater, than the applicant who must contest against remonstrances personally signed, and thus all applicants are not on an equal footing, or enjoy equal privileges and immunities under the law.

Legislation must reach a much higher state of perfection than it has attained, or is likely to attain, before it will secure to disputing litigants under its provisions perfect equality of fairness, and under the present state of legislative liability to err, and difficulty in suppressing craftiness in contending litigants, we must hold the Constitution satisfied with a law framed in such terms as grant to all citizens equal privileges and immunities upon the same terms, upon the assumption that all proceedings under it will be fairly and impartially conducted. We are not informed by the record, and we do not know as a matter of

law, that the applicant confronted by a remonstrance signed by an omnibus power of attorney has an unequal chance with the applicant who contests against a remonstrance personally signed.

Judgment affirmed.