Cain v. Allen—168 Ind. 8.

# CAIN v. ALLEN ET AL.

[No. 20,760.   Filed November 22, 1906.   Rehearing denied January 18, 1907.]

1. STATUTES.—*Amendments.*—*How Treated.*—An act amending a prior law operates, as to subsequent conduct, as if such amendment were a part of the original act.   p. 16.

2. SAME.—*Construction.*—*Presumptions.*—Courts will construe a statute, if possible, so as to render it constitutional, the presumption being that the legislature did not intend to violate the Constitution in its enactment.   p. 17.

3. INTOXICATING LIQUORS. — *License.* — *Remonstrance.* — Under §7283i Burns 1905, Acts 1905, p. 7, the legal voters of a township or city ward may remonstrate against a single applicant for license to sell intoxicating liquors, or against all applicants. p. 17.

4. SAME.—*Statutes.*—*Construction.*—The act of 1905 (Acts 1905, p. 7, §7283i Burns 1905), retaining the individual remonstrance against granting license to sell liquors, and adding the right to file a "blanket" remonstrance against all applicants, is impressed with the construction accorded to the original statute (Acts 1895, p. 248, §9, §7283i Burns 1901).   p. 18.

5. SAME. — *License.* — *Remonstrance.*—*Statutes.*—*Jurisdiction.*— Under the act of 1895 (Acts 1895, p. 248, §9, §7283i Burns 1901) and the act of 1905 (Acts 1905, p. 7, §7283i Burns 1905) the board of commissioners, in the event it is found that a remonstrance signed by a majority of the voters of the township was duly filed with the auditor, has no jurisdiction to proceed further, but must refuse a license.   p. 18.

6. SAME.—*Remonstrance.*—*General.*—Under the act of 1905 (Acts 1905, p. 7, §7283i Burns 1905) the majority of the voters of a township or ward may file a "blanket" remonstrance and thus prevent the granting of a liquor license to any one for a period of two years.   p. 20.

7. SAME. — *Remonstrance.* — *Parties.* — *Procedure.*—*Burden of Proof.*—Where a general remonstrance against the granting of a liquor license is filed with the county auditor, the remonstrators become adverse parties to subsequent applicants, and each side is entitled to a hearing thereon, the burden being upon the remonstrators to show that a majority of the voters have signed.   p. 20.

8. INTOXICATING LIQUORS.—*License.—Application.—Denial.—Remonstrance.*—The denial of an application for license to sell liquor, because of a remonstrance, precludes another application by the same party for a period of two years from the filing of the remonstrance.  p. 21.

9. SAME.—*Remonstrance.—Contest of.*—An applicant for a license to sell intoxicating liquors may contest the validity of a prior remonstrance filed and adjudged by the board to be sufficient.  p. 22.

10. CONSTITUTIONAL LAW.—*Conferring Power to Suspend Laws.*—The legislature cannot confer upon citizens the right to determine whether the operation of a statute shall be suspended.  p. 22.

11. INTOXICATING LIQUORS.—*Remonstrance.—Action of Board.*—Boards of commissioners have no jurisdiction, except where an application for license to sell liquors is filed, to determine the sufficiency of a remonstrance filed under §7283i Burns 1905, Acts 1905, p. 7.  p. 23.

12. CONSTITUTIONAL LAW.—*Due Process.—Intoxicating Liquors.—Remonstrance.*—The act of 1905 (Acts 1905, p. 7, §7283i Burns 1905), providing for a general remonstrance by a majority of the voters of a township or ward against the granting of a license to sell liquors therein, is not in violation of the state or federal Constitutions guaranteeing due process of law.  p. 23.

13. INTOXICATING LIQUORS.—*Remonstrance.—Execution.—Power of Attorney.*—The voters of a township or ward may by a written instrument authorize an agent or attorney to sign for them a general liquor remonstrance provided for by §7283i Burns 1905, Acts 1905, p. 7.  p. 24.

14. CONSTITUTIONAL LAW. — *Statutes. — Titles. — Intoxicating Liquors.*—The title to the act of 1895 (Acts 1895, p. 248), regulating the sale of intoxicating liquors, is sufficiently broad to embrace the amendatory provisions of the act of 1905 (Acts 1905, p. 7, §7283i Burns 1905).  p. 24.

15. SAME.—*Statutes.—Intoxicating Liquors.*—The act of 1905 (Acts 1905, p. 7, §7283i Burns 1905), amending the act of 1895 (Acts 1895, p. 248), regulating the sale of intoxicating liquors, is constitutional.  *State* v. *Gerhardt*, 145 Ind. 439, followed.  p. 24.

16. INTOXICATING LIQUORS.—*Property.—Regulation.*—While the law recognizes a property right in intoxicating liquors, still such ownership is subject to legislative regulation under the police power.  p. 24.

17.   CONSTITUTIONAL LAW.—*Due Process.*—*Equal ˚Protection.*—*Intoxicating Liquors.*—The act of 1905 (Acts 1905, p. 7, §7283i Burns 1905), regulating the granting of liquor licenses, does not deprive citizens of property without due process of law, nor deny them the equal protection of the law.   p. 25.

18.   INTOXICATING LIQUORS. — *General Remonstrance.* — *Withdrawals.*—Voters have no right to withdraw from general remonstrances, filed under the act of 1905 (Acts 1905, p. 7, §7283i Burns 1905), after the beginning of the three-day period prior to the commencement of the regular session of the board.   pp. 25, 26, 28.

19.   SAME.—*Remonstrance.*—*Form.*—A liquor remonstrance substantially in the form prescribed by statute (§7283i Burns 1905, Acts 1905, p. 7) is sufficient.   p. 26.

20.   SAME.—*General Remonstrance.*—*Time for Filing.*—A general remonstrance against the granting of a liquor license may be filed three days before any regular session of the board of commissioners.   p. 28.

From Owen Circuit Court; *Rufus H. East,* Special Judge.

Application by Oliver P. Cain for liquor license, against which Jonathan L. Allen and others remonstrated.   From a judgment for remonstrators, the applicant appeals.·   *Reversed.*

*J. R. Miller* and *N. A. Whittaker,* for appellant.
*Homer Elliott* and *Willis Hickam,* for appellees.

JORDAN, C. J.—This cause and the other cases hereinafter mentioned were consolidated by order of court, and were all heard and considered together upon the argument of the respective counsel appearing for the several parties.   Consequently the decision in this appeal will virtually rule and control in the determination of the other appeals.   The causes consolidated are the following.   No. 20,782; *Regadanz* v. *Haines;* No. 20,812, *Jones* v.· *Alexander;* No. 20,820, *Lanham* v. *Woods;* No. 20,891, *Kunkle* v. *Abell.* In this case and in each of the other cases the question in regard to the constitutional validity and the construction of section nine of an act of the legislature approved March

11, 1895 (Acts 1895, p. 248, §7283i Burns 1901), commonly known as the Nicholson law, as it is amended by an act approved February 15, 1905, (Acts 1905, p. 7, §7283i Burns 1905), is presented for our determination.

The facts in this appeal are as follows: Three days before the beginning of the regular June session, 1905, of the Board of Commissioners of the County of Owen, State of Indiana, what may be termed a general or "blanket" remonstrance against the granting of a license to retail intoxicating liquors in Washington township, Owen county, was filed with the auditor of the county by appellees herein. The remonstrance was addressed to the Board of Commissioners of the County of Owen, and, omitting the formal parts thereof and the names of the remonstrators, reads as follows:

> "We, the undersigned, legal voters in the township of Washington, in the county and State aforesaid, do hereby respectfully represent that we are opposed to the traffic in intoxicating liquors and we hereby object to the granting of a license to any person for the sale of intoxicating liquors in said township."

This remonstrance was filed under and in pursuance of said section nine as the same is amended. The names of appellees appear to have been subscribed thereto by Albert B. Milligan, under and through a power of attorney, duly executed to him and William M. Christ by each of the appellees herein. The appointment of Milligan and Christ and the authority conferred upon them to act for appellees in signing their names to a general remonstrance and filing the same was not conferred by a single instrument or document signed jointly by all of appellees, but was through and under several separate instruments, executed separately by each of the appellees. Each of these instruments so executed, omitting the formal parts, is as follows:

> "I, the undersigned, a resident and qualified voter in Washington township, Owen county, Indiana, do

hereby authorize, empower, and request William M. Christ and Albert B. Milligan, or either of them, to sign my name to any and all remonstrances against the granting of license to any and all applicants for the sale of intoxicating liquors in said township, and to sign my name to any and all remonstrance or remonstrances against the granting of a license to any person for the sale of intoxicating liquors in said township, and also properly to file said remonstrance or remonstrances with the auditor of said county and to present the same to the board of commissioners, and do hereby deliver this appointment to them for the purpose herein stated."

No person appears to have given notice of his intention to apply at said June session, 1905, of the board of commissioners for a license to retail intoxicating liquors in said Washington township, and no application was filed at said session whereby such license was sought to be secured. At said June session of the board of commissioners appellees herein appeared by their attorneys and presented to the board the remonstrance which had been filed with the county auditor, as heretofore stated. It was taken up and considered, and thereupon the board made and entered the following finding and order:

"In the matter of a remonstrance against the selling of intoxicating liquors, in Washington township.        Commissioners Court, June term, 1905.

* * * "And now the board, being fully advised in the premises, and the evidence being heard, finds that the above remonstrance was filed with the auditor of Owen county three days before the regular June session, 1905, being the present session of the board of commissioners of this county, to wit, on Friday, June 2, 1905. And it further appearing by the evidence, to the satisfaction of the court, that said remonstrance is signed by a majority of the legal voters of said Washington township, in said Owen county, on said date, it is therefore ordered and adjudged that it

shall be unlawful for, and this board of commissioners will not grant a license to, any person to sell spirituous, vinous, malt, or other intoxicating liquors under the laws of the State of Indiana, with the privilege of allowing the same to be drunk on the premises where sold, within the limits of said Washington township, during a period of two years from the date of filing such remonstrance, to wit, from June 2, 1905."

It appears that the appellant, Cain, was not in any manner a party to the proceedings at said June session, and no notice was given to him that the board was going to consider and take action upon the remonstrance at that session. At the September session, 1905, of the board of commissioners, appellant, having given the notice required by §7278 Burns 1901 (Acts 1875 [s. s.], p. 55, §3), an act of the legislature to regulate and license the sale of intoxicating liquors, to which we will refer hereafter as "the act of 1875" —applied to the board, under the provision of said statute, for a license to retail intoxicating liquors in said Washington township. On motion of the remonstrators the board dismissed his application and denied him the right to a hearing thereon and also the right to be heard as to whether the remonstrance in question at the time of the filing thereof had been signed by a majority of the legal voters of the township. From this decision he appealed to the Owen Circuit Court, wherein appellees renewed their motion to dismiss his application upon substantially the following grounds, namely: That the record of the board of commissioners discloses that three days before the June session, 1905, of the board, a majority of all of the legal voters of Washington township, in said county, had filed a remonstrance in the office of the county auditor, remonstrating against the granting of a liquor license to any person whatever, which remonstrance had ever since remained on file in the auditor's office; that the board at that session had duly inquired into the matters and things alleged in the remonstrance, and had found that

it contained a majority of all the voters of the township, and thereupon entered of record its finding of that fact, and also an order upon the remonstrance declaring that no liquor license should be granted to any applicant to sell intoxicating liquors in said township during the period of two years after the date of filing the remonstrance; "that said order of the board still stands in full force and effect, unappealed from, a copy of which is a part of the papers, duly certified by the auditor of said county, in this case." The trial court appears to have denied appellant the right to a hearing upon his application and also the right to controvert the question as to whether the remonstrance in controversy had been, at the time it was filed, signed by a majority of the legal voters of Washington township, and sustained the motion of appellees and dismissed the application and rendered judgment against appellant for costs. From this judgment he appeals and assigns errors, calling in question the ruling of the court in dismissing his application and denying him the right to a hearing in this proceeding.

Counsel for appellees seek to sustain the decision of the court in dismissing appellant's application and rendering judgment against him on the following grounds: (1) That a remonstrance under section nine as amended is an *ex parte* proceeding; that it raises no issue between the remonstrators and an applicant for license; that it concerns voters only; (2) that the board of commissioners at the June session following the filing of the remonstrance had the right and power to pass upon its sufficiency, and, upon finding it to be sufficient, thereupon to order and adjudge that it be unlawful to grant a license in said township to any applicant for a period of two years from the date of the filing of the remonstrance; that, inasmuch as no appeal was taken by appellant from this order of the board of commissioners, he had no standing in the commissioners' court, and, consequently, had none in the circuit court on ap-

peal. Counsel in this case, and in the other appeals heretofore mentioned, call in question the validity of section nine of the Nicholson law as amended by the act of 1905, *supra,* which is denominated the Moore law, on the ground that it is in direct conflict with sections twelve, twenty-five, and twenty-six of the bill of rights (Const., Art. 1, §§12, 25, 26), which declare (§12) that "every man, for injury done to him in his person, property, or reputation shall have remedy by due course of law." (§25) "No law shall be passed, the taking effect of which shall be made to depend upon any authority, except as provided in this Constitution." (§26) "The operation of the laws shall never be suspended, except by authority of the General Assembly;" and §23, article 4, which provides: "In all the cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State." It also is asserted that the act is in conflict with §1, article 14, of the Constitution of the United States, which provides: "Nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." It is also claimed that the section as amended is not covered by the title of the original act. We set out section nine as amended by the act in controversy (Acts 1905, p. 7, §7283i Burns 1905) and have embraced in italics the material parts added by the amendment.

"If three days before any regular session of the board of commissioners of any county, a remonstrance in writing, signed by a majority of the legal voters of any township, or ward in any city situated in said county, shall be filed with the auditor of the county against the granting of a license to any applicant *or against such granting to all applicants* for the sale of spirituous, vinous, malt or other intoxicating liquors, under the law of the State of Indiana, with the privilege of allowing the same to be drunk on the premises

where sold within the limits of said township, or city ward, it shall be unlawful thereafter for such board of commissioners to grant license to any such applicant therefor during the period of two years from the date of filing of such remonstrance; *or if such remonstrance shall be against all applicants then it shall be unlawful for said commissioners to grant a license to any applicant therefor during a period of two years from the date of the filing of such remonstrance against all applicants;* if any such license should be granted by said board during said period, the same shall be null and void, and the holder thereof shall be liable for any sales of liquors made by him the same as if such sales were made without license, *and such violator of the law shall be subject to arrest and punishment as if no license had been issued.* The number to constitute a majority of the voters herein referred to shall be determined by the *greatest* aggregate vote cast in said township or ward for candidates for *any* office at the last election preceding the filing of such remonstrance. *Provided, however, that any remonstrance which is not directed personally against an individual, but which is directed against all applicants, shall be separate and distinct, shall contain the name of no individual, but shall be directed to the board of county commissioners directly against the issuing of any such license to any person during the said two years. And provided further, that the following forms of remonstrance shall be sufficient under the foregoing provisions of this section, viz."*

By virtue of the amendatory act, section nine as it originally existed is no longer a part of the Nicholson law, as it has been superseded by the amendment, and the latter now constitutes a part of that statute. An act amending a former law operates, as to matters and things thereafter occurring, in precisely the same manner as though the amendatory act had formed a part of the original statute at the time of its passage, and in its application to cases which may arise after the amendment has been made, the whole statute must have the same operation and

effect as it would have had it been reënacted. *Walsh* v. *State, ex rel.* (1895), 142 Ind. 357, 362, 33 L. R. A. 392, and cases cited; *Pomeroy* v. *Beach* (1898), 149 Ind. 511.

As preliminary to the question presented and urged in respect to the invalidity of the section here involved, it may be said that the rule is well settled that in a case 2. where the validity of a statute is involved it becomes the duty of the court, if possible, to give the statute in question such an interpretation or construction as will avoid bringing it in conflict with the Constitution. As a general rule the presumption must always prevail that the legislature did not intend to usurp or assume power denied to it by the fundamental law.

An examination of section nine as amended discloses that some of the principal provisions which it embraced, as originally enacted, are still retained unchanged. 3. Especially is this true in respect to a special remonstrance directed against some particular person. The legal voters of a township or city ward, as the case may be, are by the amendment given the option to defeat by a special remonstrance, in like manner as provided by the original section, the issuing of a license to retail intoxicating liquors, under the act of 1875, *supra,* to some particular person to be named in the remonstrance; or by a general or "blanket" remonstrance to defeat the granting by the board of commissioners of such a license to any and all persons, without naming any individual in such general remonstrance. This latter document, when signed by the requisite number of voters and timely filed, is intended to cover or apply to any and all applicants who may apply under the act of 1875 for a license to retail liquor within the respective township or ward during a period of two years next succeeding the filing thereof with the auditor. It can plainly be seen that the provisions of section nine, which, prior to its amendment, provided for a special remonstrance directed against some particular

individual, have been reënacted and are incorporated into the section by the amendatory act. These same provisions were considered, construed and the constitutional validity thereof sustained in the decision of this court in the appeal of *State* v. *Gerhardt* (1896), 145 Ind. 439, 33 L. R. A. 313, and in other cases in which the holding in that appeal is followed. To the doctrine or rule as announced and enforced in these decisions we still adhere, and recognize no sufficient reason for departing therefrom. It follows, therefore, that the provisions of the old section so reënacted by the amendatory act were at the time of its passage impressed with the interpretation or construction accorded to them by this court in *State* v. *Gerhardt, supra; Ludwig* v. *Cory* (1902), 158 Ind. 582; *Boomershine* v. *Uline* (1902), 159 Ind. 500; *Hoop* v. *Affleck* (1904), 162 Ind. 564; and in other cases in which the decisions followed the holding in the Gerhardt case. As there is nothing in the statute to the contrary, we are justified in assuming that the legislature, in the reënactment of these provisions, intended that they should bear the same construction placed upon them by the highest court of this State. *Hilliker* v. *Citizens St. R. Co.* (1899), 152 Ind. 86; *Board, etc.,* v. *Conner* (1900), 155 Ind. 484.

Upon this view of the law it is evident that where the voters of a township or city ward see proper to defeat, by means of a special remonstrance, the granting of a license to some particular applicant, as such right is still preserved in the amended section, the board of commissioners and the court on appeal from the decisions of that tribunal, in the event an appeal is taken, must still be controlled, in a proceeding to obtain a license, by the rule asserted in the cases last-above cited. In *State* v. *Gerhardt, supra,* in considering section nine as it then stood, this court said on page 470: "By section nine, another condition or restriction is imposed upon the jurisdiction of the board relative to granting a license to retail liquors to

any applicant, namely, the fact that a remonstrance against him, signed by a majority of the legal voters of the township or ward wherein he intends to engage in the sale of such liquors, has been filed with the auditor, three days before the beginning of the regular session of the board. at which the application for the license is to be presented. In the event this fact is found to exist, the jurisdiction of the commissioners over the matter, by virtue of the law, is terminated, and it is made unlawful for them to grant the license to the applicant. But, on the contrary, if this fact is found not to exist, the board can then proceed to inquire, according to law and the evidence, into the fitness and right of the applicant to be intrusted with the desired license." In the appeals of *Ludwig* v. *Cory, supra,* and *Hoop* v. *Affleck, supra,* the meaning of the law, the character of the remonstrance, and the procedure to be had thereunder before the board of commissioners in an application for a license, where a remonstrance against a particular applicant had been filed, were again considered and more fully amplified. In *Hoop* v. *Affleck, supra,* this court said: "The board of commissioners, being a creature of the legislature, has only such judicial power or jurisdiction as that body has seen proper to give, and may exercise that given only upon the terms and conditions prescribed. Under the Nicholson law the board of commissioners is empowered, as a court, to take cognizance of an application for license. If it finds that proper notice has been given, it must then take up the question of a remonstrance. If it is found that one has been timely filed, it then becomes its duty, under the law, to inquire and decide whether such remonstrance is in proper form and substance, and executed by a majority of the legal voters of the particular district. The authority to inquire and decide is both judicial power and jurisdiction. If it is found that the remonstrance is in due form and adequately signed, the finding, *ipso facto,*

defeats the further jurisdiction of the board in the same sense that an affirmative finding on a plea in abatement will defeat jurisdiction."

At the time of the passage of the Nicholson law, in 1895, there were but four regular sessions of the board of commissioners in each year. In 1899, the law was 6. changed, and thereby regular sessions were authorized, each beginning on the first Monday of each calendar month. Under this change in the statute applications for license might be presented monthly instead of quarterly, to the board of commissioners, and thereby a greater burden was cast upon the voters who desired to remonstrate against the granting of license to the particular applicant or applicants who might seek to secure license, at such monthly sessions. It is manifest, therefore, that, to relieve the voters from being constantly on the alert for applications to be made, the legislature was induced to pass the amendatory act herein involved, thereby conferring upon said voters in the respective districts named, in addition to their right to file a special remonstrance, the right, if they desired to exercise it, of filing a general or "blanket" remonstrance against the issuing of a license by the board of commissioners to any or all persons, without designating therein any particular individual. Such a remonstrance, if signed by the requisite number of legal voters and timely filed, serves for a period of two years after its filing to confront and defeat each and every applicant for a license to retail intoxicating liquors within the prescribed district.

This remonstrance is not required to be filed with the board of commissioners, but is to be filed with the county auditor, who serves as the clerk of the board 7. of commissioners and who, as such official, is charged with the custody and safe-keeping of such remonstrance. By the very force of the law this remonstrance is drawn into and becomes a document in each case

or proceeding instituted before the board of commissioners during said period of two years by an applicant for a license to retail intoxicating liquors under the act of 1875, *supra*, and such applicant and the remonstrators become adverse parties in such proceeding, and each party is entitled to be accorded a hearing before the board, and in court, in case of appeal, the remonstrators, first, in support of their remonstrance, and second, the applicant in opposition thereto.   If upon the evidence the board finds that the general remonstrance in question at the time of its filing was signed by the requisite number of legal voters of the particular district and was filed with the auditor within the time prescribed by statute, then the finding of such facts strips or deprives the board of any further jurisdiction in the case, and it must dismiss the application.   *State* v. *Gerhardt, supra; Ludwig* v. *Cory, supra; Massey* v. *Dunlap* (1896), 146 Ind. 350.

It will thereafter be unlawful to grant a license to the applicant in such proceeding for a period of two years next succeeding the filing of the general remonstrance; 8. or, in other words, the law declares what, under the circumstances, shall be the consequences of such a finding, and the board of commissioners simply voices the mandate of the law by denying the applicant's right to a license.   The decision of the board in such case must be held to be an adverse adjudication of the applicant's right to a license, and he, having had his day in court, with the privilege of controverting the remonstrance, has, under the law, no standing whatever to make another application for a license within such period of two years.   If, however, the remonstrance is not sustained by the evidence, then the board of commissioners can proceed to hear the applicant in support of his application for a license.   *State* v. *Gerhardt, supra.*

It would certainly be unreasonable to suppose or assume that the legislature by the amendment in question intended

that the board of commissioners should be controlled by a procedure in case of a general remonstrance different from that which had been held by this court to apply and govern in a case upon a special remonstrance; or, in other words, that the general remonstrance provided by the amendatory act, when filed with the auditor, should be considered and held as instituting an *ex parte* proceeding over which the proper board of commissioners should assume jurisdiction, and thereupon determine the sufficiency thereof in advance of any and all applications for a license, and order and adjudge, as was done in the case at bar, that it should be unlawful for the board to grant a license to any person for the sale of intoxicating liquors during the period of two years, and that such order should preclude the board thereafter, during said period, from granting to any applicant for license the right to be heard in respect to the sufficiency or validity of the remonstrance. Such a construction of this statute possibly might afford grounds for the contention of appellant's counsel that the act in question in its effect served to suspend the operation of the license law of 1875.

It is an undisputed proposition that under our fundamental law it is not within the power of the legislature to confer upon the citizens of the State the right to say whether the operation of an existing statute or law shall be suspended. It will be noted that the statute in question does not declare that the filing of a general remonstrance as therein provided shall thereafter render it unlawful for any person to apply to the board of commissioners for a license, but it is only declared to be unlawful thereafter for that tribunal to grant a license to any applicant therefor, etc. The act presupposes, or rather recognizes, the right of persons thereafter to apply for a license to retail intoxicating liquors under the provisions of the act of 1875. A person, then, still having the right to apply to the board for a license, certainly, as incidental

thereto, must be accorded the right to a hearing upon all of the questions necessarily arising in the proceeding instituted by his application. The action of the board in assuming jurisdiction over the remonstrance herein, as shown, and in making the order thereon, was wholly unwarranted by law. Consequently, as it had no jurisdiction over the matter, the proceedings had upon the remonstrance in question, and the order made therein, were a mere nullity. The law is well settled that in this State boards of commissioners are invested only with statutory powers, and they have no power to act except as is expressly or impliedly conferred upon them by statute. *Gavin* v. *Board, etc.* (1885), 104 Ind. 201; *Hoop* v. *Affleck, supra.*

It is certainly evident that the section as amended contains no provision upon which the power of the board of commissioners to assume jurisdiction over the remonstrance in question, as it did, can be predicated, and counsel for appellees have been unable to cite us to any statute which either expressly or impliedly authorized the board to take action and consider the remonstrance in controversy before its jurisdiction in the premises was invoked in a proceeding on an application for a license to retail intoxicating liquors.

It is manifest that the construction which we give the provision of the act in controversy avoids bringing it in conflict with either the state or federal Constiution, for, under the law as herein construed, an applicant for a license under the statute of 1875 is given his day in court, as the law intends, to controvert and show, if he can, that the remonstrance in question is not signed by a majority of the legal voters of the particular district. Or, in other words, the right to show that the remonstrance is impressed with fraud for the reason, among others, that a part of the voters necessary to constitute the required majority were minors, and therefore not legal voters, or

that some were disqualified as voters upon other grounds, or that the names of some of the voters subscribed to the remonstrance were signed thereto without legal authority. It would certainly be unreasonable to assume that the legislature, under the amendatory act, by authorizing the filing of a general remonstrance, intended thereby to deprive an applicant for a license of the right to controvert said document on the grounds hereinbefore mentioned, or for any other sufficient reason. Under the construction which we place upon the provisions of · the amendatory act it must follow, under the decision of this court in *Ludwig* v. *Cory, supra,* that the right of the voters to execute such general remonstrance, as in the case of a special remonstrance, through the agency of a power of attorney, is preserved by the amendment, and therefore must be upheld.

The title of the Nicholson law is sufficiently broad to embrace section nine as amended. It would appear to be unnecessary to consider in detail the constitutional validity of the amendatory act upon the various grounds assigned and urged by counsel; for, in view of the construction which we accord it, its validity, over substantially the same objections now urged, is fully sustained by the reasoning and decision of this court in *State* v. *Gerhardt, supra.* It may be said, however, that while the law recognizes intoxicating liquors as property entitled to its protection, nevertheless the right of ownership therein is subject to such regulations or restraints as are necessary to the protection of society and the public in general. Laws enacted to carry into effect such regulations or restrictions are passed by the legislature in the exercise of the police power of the State, and the extent to which these regulations or restraints may be carried is a matter within the sound discretion of the legislative department, except as may be restrained by some constitutional or fundamental law.

*State, ex rel.,* v. *Menaugh* (1898), 151 Ind. 260, 266, 43 L. R. A. 408, and cases cited.

There is certainly, under the construction which we accord to the law, no sufficient reason or ground for asserting that it serves or operates to deprive any of our citizens of their property or liberty without due process of law, nor does it deny them the equal protection of the law. *State* v. *Gerhardt, supra.*

The question is raised and propounded—have voters who have signed a general remonstrance provided for by the section as amended, the right, at any time after the beginning of the first day of the three-day period prior to the commencement of the regular session of the board of commissioners, in which such a remonstrance has been filed with the auditor, to withdraw their names therefrom? This question, in our judgment, must be answered in the negative. The same rule in respect to this question which has been affirmed in respect to special remonstrances in the appeals of *State* v. *Gerhardt, supra,* and *Sutherland* v. *McKinney* (1897), 146 Ind. 611, is applicable and must control. In the case of *State* v. *Gerhardt, supra,* in considering the point, we said at page 473: "But if this right [to withdraw] is not exercised prior to the beginning of the first day of this three days' period, it no longer exists." As previously said, a general remonstrance like the one here involved, signed by the required number of voters and filed with the auditor three days before the beginning of any regular session of the board of commissioners, stands and continues to operate against the granting of a license to any and all applicants for a period of two years from the date of its filing. Therefore, under the holding in the case of *State* v. *Gerhardt, supra*—in which the legislature in enacting the amendment appears to have acquiesced—it follows that all voters who have legally signed the same and who do not withdraw their names therefrom before the beginning of said three-day period,

cannot thereafter exercise such right, but must abide by the remonstrance for said period of two years. If voters who have legally signed a general remonstrance could exercise the right under the law to withdraw their names after the beginning of the three-day period and thereby reduce the number of remonstrators below the requisite majority at a day so late that the necessary number could not be restored, then the voters, who in good faith had signed the paper, might be continually embarrassed. Such a result the law did not intend.

The sufficiency of the remonstrance and of the power of attorney employed by the remonstrants in this case, and in some of the other consolidated causes, is called in question. The remonstrance follows the form given in the amendatory act of 1905, and is certainly sufficient, as are also the documents employed to confer authority upon Milligan and Christ, or either of them, to sign the names of appellees to the general remonstrance here involved. It follows, from our holding, that the trial court erred in dismissing appellant's application for a license, for which error the judgment is reversed, and the cause remanded to the lower court, with instructions to reinstate the case upon the docket and to overrule appellee's motion to dismiss, and for further proceedings not inconsistent with this opinion.

## On Petition for Rehearing.

Jordan, J.—Appellant's counsel have filed in this case a petition for a rehearing, upon the ground that the court erred at the former hearing in holding that a remonstrator, under the law, could not withdraw from the remonstrance after the beginning of the three-day period prior to the regular session of the board of commissioners at which it was filed. It is insisted that the provision in section nine as amended (§7283i Burns 1905, Acts 1905, p. 7), providing

for a general or "blanket" remonstrance against all applicants, should not be so construed. The legislature, in the enactment of this provision of the statute, did not intend or contemplate that any such privilege should be accorded to a remonstrator and no such construction or interpretation can in reason be given to the provision of the law in question. Counsel argue that the decision of the court in this appeal, when construed in the light of the holding in the cases of *State* v. *Gerhardt* (1896), 145 Ind. 439, 33 L. R. A. 313; *Sutherland* v. *McKinney* (1897), 146 Ind. 611, and *Conwell* v. *Overmeyer* (1896), 145 Ind. 698, and other cases which they cite, all of which follow the decision in the case of *State* v. *Gerhardt, supra,* upon the point in question, is susceptible of but one construction, which is to the effect that withdrawals under the Moore amendatory law are to be considered effective if filed at any time up to the three-day period prior to the beginning of the regular session of the board of commissioners at which the first application for a license to sell intoxicating liquors is made. Neither the case of *State* v. *Gerhardt* nor the other cases above cited can be said to support the view taken or advanced by counsel. What was held in these cases in construing section nine, as it formerly existed, was that a remonstrator had no right to withdraw his name after the time prescribed by the statute for filing a remonstrance, and this is our holding in the case at bar.

It must be remembered that section nine of the Nicholson law, as originally enacted, contained no provision authorizing the filing of a general or "blanket" remonstrance, as it does since it has been amended. In *State* v. *Gerhardt, supra,* the question was propounded on page 473: "Does the remonstrance provided in section nine apply to the particular applicant whose application is then pending and against which it is addressed?" In answer to this interrogation the court said: "We are of the opinion that the remonstrance, provided for by section nine, has application

only to some particular applicant, and does not contemplate a general remonstrance, but one directed against each individual who desires to secure license." Under this construction or interpretation the remonstrance was a special one to be directed against each person who applied for a license. The time prescribed or fixed for the filing of this special remonstrance, under the interpretation which we gave to the law in the case of *State* v. *Gerhardt, supra,* was three days before the beginning of the regular session of the board of commissioners at which the application for a license was to be made. *State* v. *Gerhardt, supra.*

It will be noted that the time for the filing of a general or "blanket" remonstrance against all applicants, as provided by section nine as amended, is three days before any regular session of the board of commissioners, regardless of the fact as to whether any application will be made or presented at such session, while under the old section, which, as we have said, provided only for a special remonstrance, it was required to be filed three days before the beginning of the regular session at which an application was to be made or presented. It follows, therefore, that when the change in the law is considered, the holding in this appeal, that there can be no withdrawals upon the part of the remonstrators after the time prescribed for the filing of the general or "blanket" remonstrance, is in entire harmony with the decisions in *State* v. *Gerhardt, supra; Sutherland* v. *McKinney, supra; Conwell* v. *Overmeyer, supra;* and the other cases cited by counsel for appellant herein, where it is held that the special remonstrance must be filed three days before the beginning of the session of the board of commissioners at which an application is made. There certainly are no more cogent reasons for holding, as claimed by counsel, that the amendatory law should be so construed as to permit a person to withdraw his name from a general

remonstrance after the filing thereof up to the beginning of the three-day period prior to a regular session of the board of commissioners at which the first application for a license is made, than there are for holding that he may exercise the right to withdraw up to three days prior to the beginning of a session at which the second or third application for a license is made.

We are satisfied that our decision at the former hearing in regard to the time in which a remonstrator may withdraw his name from a general remonstrance, which he has legally signed by himself or agent, was right, and we reaffirm that he is not entitled, under the law, to withdraw his name from such a remonstrance after the beginning of the three-day period immediately preceding the regular session of the board of commissioners, prior to which time such remonstrance was filed as provided by the statute, but must abide thereby for the entire period of two years.

Petition for rehearing overruled.