## NICHOLS *v.* LEHMAN ET AL.

[No. 6,231.    Filed October 15, 1908.]

INTOXICATING LIQUORS.—*Individual Remonstrances.*—*Powers of Attorney.*—Powers of attorney executed prior to the passage of the individual and general remonstrance act of 1905 (Acts 1905, p. 7, §8332 Burns 1908), authorized the designated attorney to execute an individual remonstrance signed and filed after the taking effect of such act, since such act did not repeal, but merely reënacted the provisions of §7283i Burns 1901, Acts 1895, p. 248, §9, authorizing a remonstrance against the individual applicant.

From Jay Circuit Court; *John F. LaFollette*, Judge.

Application for liquor license by George W. Nichols, against which J. F. Lehman and others remonstrate. From a judgment for remonstrants, the applicant appeals. *Affirmed.*

*Walter Olds* and *C. M. Niezer*, for appellant.
*James T. Merryman* and *J. C. Sutton*, for appellees.

HADLEY, J.—On May 11, 1905, appellant gave notice that he would apply for a license to sell liquor in a certain building in the town of Berne, Monroe township, Adams county, and at the regular June session of the board of commissioners, he duly filed said application. Three days before the meeting of said board in said session a remonstrance was filed, signed by a majority of the legal voters of said township, the remonstrance being in the following words:

"We, the undersigned legal voters of the township of Monroe, in said county and State, hereby respectfully represent that we are opposed to the granting of a license to George W. Nichols, who has given notice of his intention to apply therefor, for the sale of intoxicating liquors in said township."

The names to this remonstrance had been signed by Fred Rohrer, who signed said names by virtue of powers of attorney executed to him between October 20, 1902, and Feb-

ruary 8, 1905, by the parties whose names were signed to the remonstrance. Upon the hearing, license was refused appellant by the commissioners on account of the filing of said remonstrance. This action was appealed from, and on a change of venue said case was transferred to the Jay Circuit Court, where the decision of the board of commissioners was upheld by said circuit court.

The only question presented by this appeal is whether said Rohrer had authority to sign said remonstrance by virtue of said powers of attorney at the time he so signed the same, it being contended that the act of the General Assembly of 1905, known as the Moore amendment (Acts 1905, p. 7, §8332 Burns 1908), which became effective after all of said powers of attorney were executed, repealed the law authorizing remonstrances under which said powers of attorney were given, and thereby divested said Rohrer of the authority given him by said instruments; and that the signing of a remonstrance after the passage of said act was the exercise of another and different power from that conferred upon him. If, after the passage of the Moore law, the right to remonstrate against individuals had been changed or taken away, there might have been some virtue in the contention of appellant. But after the passage of that law the right to remonstrate against individuals remained the same as it had been prior to the passage of said act. This was expressly decided by the Supreme Court in the case of *Cain* v. *Allen* (1907), 168 Ind. 8, where the court say: ''An examination of section nine as amended discloses that some of the principal provisions which it embraced, as originally enacted, are still retained unchanged. Especially is this true in respect to a special remonstrance directed against some particular person. The legal voters of a township or city ward, as the case may be, are by the amendment given the option to defeat by a special remonstrance, in like manner as provided by the original section,

the issuing of a license to retail intoxicating liquors, under the act of 1895 [Acts 1895, p. 248, §9, §7283i Burns 1901], to some particular person to be named in the remonstrance; or by a general or 'blanket' remonstrance to defeat the granting by the board of commissioners of such a license to any and all persons, without naming any individual in such general remonstrance. This latter document, when signed by the requisite number of voters and timely filed, is intended to cover or apply to any and all applicants who may apply under the act of 1875 for a license to retail liquor within the respective township or ward during a period of two years next succeeding the filing thereof with the auditor. It can plainly be seen that the provisions of section nine, which, prior to its amendment, provided for a special remonstrance directed against some particular individual, have been reënacted and are incorporated into the section by the amendatory act.''

It appears that the power was exercised in conformity with the law as it existed at the time said powers of attorney were given, and as was authorized by the law as it existed at the time of the signing of the remonstrance, and therefore his acts as attorney in fact for the various persons were wholly within the powers conferred upon him by said powers of attorney. This being true, no question of a change in the power of the agent or an unauthorized exercise thereof by him is involved.

Judgment affirmed.